89  609
127  84
89  609
73a 217

### JOHN LILL et al. Executors

*v.*

### JAMES EGAN.

PARTNERSHIP—*whether debt is of firm or partner.* Where money is lent to one partner and not to the firm, the fact that the several members of the firm sign the note given therefor, does not make the note a partnership transaction, nor does the fact that the partner borrowing applies a greater part of the money in the payment of the partnership indebtedness.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This is an action brought before the county court, by Egan, against John Lill and others, executors of the last will and testament of William Lill, deceased. Judgment was rendered against the defendants in the county court, who appealed to the circuit court. On the trial in the circuit court, plaintiff gave in evidence a promissory note, dated November 13, 1874, payable one year after date to the order of George Coxon, for $3,000, at the Bank of Montreal, Chicago, with interest at the rate of ten per cent per annum, and signed, John H. Moulton, William Lill. This note was indorsed by Coxon to Egan, the claimant. It was proven that Moulton and William Lill, at

610      LILL *et al.* EXRS. *v.* EGAN.      [Sept. T.

Opinion of the Court.

the time of the date of the note, were partners, carrying on a partnership business, but the proofs show that this note was given for money which was lent personally to Lill. The proof also tended to show that the money received by Lill was (at least a considerable part of it) used by him in paying partnership debts of the firm.

The verdict was for the plaintiff in the circuit court. Defendants moved for a new trial, which motion was overruled. Defendants appeal to this court, and insist that the circuit court erred in refusing to grant a new trial.

Messrs. WILSON, MONTGOMERY & WATERMAN, for the appellants.

Messrs. HOYNE, HORTON & HOYNE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is insisted by appellants that this note was a partnership note, and for that reason the creditor was bound first to resort to the surviving partner, and collect his debt out of the partnership effects, if practicable, before attempting to reach the private property of the estate in the hands of the executors.

We find no foundation for the application of any such doctrine in this case. The money was lent to Lill, and not to the firm. The fact that the men who signed the note were members of the firm, does not constitute the making of the note a partnership transaction. True, had the money been originally lent to the firm, and had this note been given in satisfaction or in evidence of a firm debt, the question which appellants seek to raise might be presented.

We think the finding on the evidence is right, and the circuit court did right in refusing to grant a new trial.

Judgment must be affirmed.

*Judgment affirmed.*