THE NORTHWESTERN BENEVOLENT AND MUTUAL AID
ASSOCIATION OF ILLINOIS

v.

SARAH W. BLOOM.

*Life Insurance— Suicide—Construction of Application and Certificate Together as one Instrument—Pleading.*

1. In an action brought on a certificate or policy of life insurance, the assured having committed suicide, it is held that the application, containing a stipulation excepting death from suicide from the risk, must be construed with the certificate as one instrument.

160    APPELLATE COURTS OF ILLINOIS.

Northwestern Benevolent and Mutual Aid Ass'n of Ill. v. Bloom.

2.   An allegation that the assured " did then and there immorally, wrongfully and wickedly" commit suicide, is substantially an allegation that he committed the act while sane.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. CARTER & GROVER and T. B. PAPE, for appellant.

The agreements contained in the application are made warranties by the clause in the certificate referring to them.    Bliss on Life Ins. 85, and cases cited in note 2; Kelsey v. Universal L. Ins. Co., 35 Conn. 225; Fame Ins. Co. v. Thomas, 10 Ill. App. 545; S. C., 103 Ill. 91; Miles v. Conn. Mut. L. Ins. Co., 3 Gray, 580.

If they should be considered representations, they are as a matter of law made conclusively material.    Fame Ins. Co. v. Thomas, 10 Ill. App. 545; Price v. Phœnix Mut. L. Ins. Co., 17 Minn. 497; S. C., 10 Am. Rep. 166; Campbell v. New Eng. Mut. L. Ins. Co., 98 Mass. 381; Jeffries v. Life Ins. Co., 22 Wall. 47.

The failure to perform a material promissory representation avoids the policy.    Schultz v. Mut. L. Ins. Co., 6 Fed. Rep. 672; Houghton v. Manufacturers Mut. L. Ins. Co., 8 Met. 114; Clark v. Manufacturers Ins. Co., 8 How. 235; Kimball v. Ætna Ins. Co., 9 Allen, 540; Blumer v. Phœnix Ins. Co., 45 Wis. 622; S. C., 48 Wis. 535; S. C., 33 Am. Rep. 830.

The language of the certificate makes the performance of the agreements in the application a condition precedent to the enforcement of the contract.    Schultz v. Mut. L. Ins. Co., 6 Fed. Rep. 672; See also Insurance Co. v. Trefz, 104 U. S. 197.

Where two instruments are executed as parts of the same transaction, whether at the same or different times, they will be taken and construed together as one instrument.    Neil v. Chessen, 15 Ill. App. 266; Hunt v. Frost, 4 Cush. 54; Stacy v. Randall, 17 Ill. 467; Gardt v. Brown, 113 Ill. 475; Torrence v. Shed, 112 Ill. 466.

THIRD DISTRICT—MAY TERM, 1886.    161

Northwestern Benevolent and Mutual Aid Ass'n of Ill. v. Bloom.

The application in this case is not merged in the certificate
of membership, but together with that forms the contract of
insurance.   It contains the agreements entered into by the
insured, while the certificate contains the obligations assumed
by the benevolent association.    Supreme Council of Royal
Templars of Temperance v. Curd, 111 Ill. 284; Caffery v.
John Hancock L. Ins. Co., 17 Fed. Rep. 25; Grattan v. Metro-
politan L. Ins. Co., 92 N. Y. 274; Blooming Grove Mut. F.
Ins. Co. v. McAnerney, 102 Pa. St. 335.

Sanity will be presumed, and if insanity be relied on to
avoid the consequences of suicide, it must be pleaded and
proved.   Weed v. Mut. Ben. L. Ins. Co., 70 N. Y. 561; Pha-
denhauer v. Germania L. Ins. Co., 7 Heisk. 567; S. C., 19
Am. Rep. 623; Knickerbocker L. Ins. Co. v. Peters, 42 Md.
414.

The contract sued on in this case is a contract with the in-
sured, and not with the beneficiary.   Highland v. Highland,
109 Ill. 366; S. C., 13 Ill. App. 510; Johnson v. Van Epps, 110
Ill. 551; S. C., 14 Ill. App. 201.

The beneficiary is bound by all of the covenants and agree-
ments contained in the contract.   Caffery v. John Hancock
Mut. L. Ins. Co., 27 Fed. Rep. 25; Fitch v. Am. Pop. L. Ins.
Co., 59 N. Y. 557.

Mr. J. F. CARROTT, for appellee.

The plaintiff need not aver the truth of statements contained
in the application.   Herron v. Peoria Mar. and F. Ins. Co.,
28 Ill. 235; M. B. L. Ins. Co. v. Robertson, 59 Ill. 123; Pied-
mont Ins. Co. v. Ewing, 92 U. S. 377.

The plaintiff need not aver the performance or non-per-
formance of conditions subsequent.   Forbes v. Am. Mut. L.
Ins. Co., 15 Gray, 249; Ætna Ins. Co. v. Phelps, 27 Ill. 71.

Nor the performance or non-performance of negative pro-
hibited acts.   Hunt v. Hudson Riv. F. Ins. Co., 2 Duer, 481;
Troy F. Ins. Co. v. Carpenter, 4 Wis. 20.

Nor need he allege that he is within the excepted risks.
Lounsbury v. Protection Ins. Co., 8 Conn. 458; Ferrer v. Home
Mut. Ins. Co., 47 Cal. 416.

162   APPELLATE COURTS OF ILLINOIS.

Northwestern Benevolent and Mutual Aid Ass'n of Ill. v. Bloom.

The certificate contains no warranty. The authorities define a warranty in insurance to be a part of the contract, evidenced by the policy, and a binding agreement that the facts stated are strictly true. 1 Phil. on Ins., 5th Ed., Secs. 754, 756; Flanders on Ins., 204–5.

To constitute a warranty it must be contained in the policy; or if contained in another instrument it must be made part of the policy by the agreement contained in the policy. Wall v. Howard Ins. Co., 14 Barb. 383.

A representation in insurance may, for the purpose of this case, be defined to be a statement in regard to a material fact made by the applicant for insurance to the insurer, with reference to a proposed contract of insurance. 1 Phil. on Ins., Sec. 524 et seq.

As representations simply, they are not a part of the contract of insurance. Flanders on Ins., 201, and cases cited; Campbell v. New Eng. Mut. L. Ins. Co., 98 Mass. 381.

A representation is of some matter extrinsic to the contract, and generally, if not always, relates to the present state and condition of the subject insured. Alston v. Mechanics Mut. Ins. Co., 4 Hill, 330.

A stipulation or representation relied upon as a warranty should either be written in the policy, or expressly made a part of it; for the policy is the only legal evidence of what the contract is. Dow v. Whetten, 8 Wend. 160; Jennings v. Chenango Co. Mut. Ins. Co., 2 Den. 75 ; Am. Life Ins. Co. v. Day, 39 N. J. L. 89 ; M. B. L. Ins. Co. v. Robertson, 59 Ill. 123.

CONGER, J. On the 3d day of March, 1882, Lewis H. Bloom made application for a certificate of membership in the appellant company upon one of the printed forms prepared by the company, which, after giving a number of answers as to the condition of his health, family, etc., contained the following claim : "It is expressly stipulated and agreed that the foregoing application and declaration shall be the basis of the contract between the above named applicant and the Northwestern Benevolent and Mutual Aid Association of

THIRD DISTRICT—MAY TERM, 1886.    163

Northwestern Benevolent and Mutual Aid Ass'n of Ill. v. Bloom.

Illinois, said contract not to be in force or binding upon the association until after the payment of the membership fee and the approval of the application by the medical director, and that if any misrepresentations or fraudulent or untrue answers have been made, or any facts which should have been stated have been suppressed, if death should result from suicide, or if he or she shall omit, neglect or refuse to pay any of the assessments on or before the day on which they shall fall due then, and in either event, this agreement shall be null and void, and all money which shall have been paid shall be forfeited to the association."

(Signed)    .    " Lewis H. Bloom."

Upon this application, on March 8, 1882, the association issued a certificate of membership providing for the payment within sixty days after the death of said Bloom, to his wife, Sarah W. Bloom, appellee herein, $2,000.

The said certificate or policy contained this clause: " This certificate is issued upon the condition that the said Lewis H. Bloom shall comply with the constitution and by-laws of the association, and that the statements in the application for this certificate are true."

Bloom died and his wife brought suit upon the certificates and to the declaration appellant filed eight special pleas, setting up in a variety of ways, as a defense to the action, the suicide of Lewis H. Bloom.

In the first special plea the language in which the suicide is charged, is, " Did wrongfully, and to the injury of the defendant, commit suicide."    In the second, " He, the said Lewis H. Bloom, committed suicide, and the death of him, the said Lewis H. Bloom, did then and there result from said suicide." In the third the language is, " Did then and there, immorally, wrongfully and wickedly, for the purpose of destroying his life, strangle himself by means of hanging himself by the neck until he was dead."    In the sixth and seventh, the language is, "Wrongfully, wickedly and fraudulently, and of his own volition, committed suicide."    ..

The eighth special plea sets forth the clause above quoted of the application, avers it to be a part of the contract of in-

surance, and a part of the policy or certificate, and concludes with the charge of suicide upon the part of Bloom.

A demurrer was filed to all these pleas and sustained by the court; appellant refusing to answer further judgment was rendered against it for $2,162.20. It is claimed by appellee, "that the application not being incorporated into the certificate, and not being expressly referred to in it, so as to make it a part and parcel thereof, should not be considered in construing the contract between these parties."

We are of opinion that the application and certificate were executed as parts of the same transaction; that they should be taken and construed together as one instrument, and that the true nature of the contract entered into can be determined only by considering the mutual undertaking of both parties as set forth in both. Stacy v. Randall, 17 Ill. 467.

In the language of Royal Templars of Temperance v. Curd, 111 Ill. 288, "the first part of this contract—the part obligatory upon the beneficiary—is the application of Lewis H. Bloom."

It is plain and simple in its language, and can not be misunderstood. It contains this: "It is expressly stipulated and agreed that the foregoing application and declaration shall be the basis of the contract, * * * that if death should result from suicide * * * then this agreement shall be null and void." What agreement is meant? Certainly not the application, for that is not in itself a contract but simply a proposal on the part of Bloom. The agreement that is to become null and void in case of suicide by Bloom is the mutual and entire contract of insurance entered into by both parties, and set forth and contained in both the application and certificate.

Neither is it important to determine whether the performance of the agreement, contained in the application, not to commit suicide, is or is not a condition precedent to the enforcement of the contract. Appellant is not now relying upon that point even if true, nor complaining because the declaration does not aver a compliance with the provision, but by its pleas, itself brings it forward and sets it up as a defense.

It is also objected that none of the pleas expressly allege that Bloom committed suicide when sane. We are inclined to think, however, that after construing the language used by the pleader most strongly against him, there can be no reasonable doubt as to the meaning upon this point of the third, sixth and seventh pleas.

In the third, the language is, "Did then and there immorally, wrongfully and wickedly" and in the sixth and seventh, "Wrongfully, wickedly and fraudulently, and of his own volition, commit suicide."

These expressions can not properly be used in reference to the act of an insane man. One whose reason is dethroned, and who is acting from an insane delusion, does not act immorally, wrongfully, wickedly or fraudulently. We think these pleas do substantially, and not merely argumentatively, allege that Bloom committed suicide when sane, and in his right mind, and therefore do allege such a violation of the contract as, by its terms, renders it null and void.

We think the Circuit Court erred in sustaining the demurrer to these pleas, and the judgment of the Circuit Court will therefore be reversed and the cause remanded.

*Reversed and remanded.*