# The Northwestern Benevolent and Mutual Aid Association

## v.

# Sylvia W. Hand.

*Life Insurance—Suicide—Construction of Application and Certificate as One Instrument—Reference—Pleading—Demurrer—Jurisdiction—Re-mittitur.*

1. In an action brought on a certificate of membership in a mutual benefit association, the deceased member having committed suicide, the application, which contains a stipulation excepting death by suicide from the risk, and the certificate, will be construed together as one instrument.

2. In the case presented, upon a review of the pleadings and action of the court below in disposing of certain demurrers, this court reverses the judgment for the plaintiff.

[Opinion filed May 25, 1888.]

Appeal from the Circuit Court of McLean County; the Hon. O. T. Reeves, Judge, presiding.

Messrs. Blades & Neville, for appellant.

Mr. Edgar S. Van Meter, for appellee.

Pleasants, J.    February 14, 1883, appellant issued to Gilbert Hand, the husband of appellee, a certificate of his membership in the association and right to participate in its beneficiary fund to the amount of $2,000, to be paid within sixty days after his death, to his wife, upon the conditions therein prescribed. He died August 19, 1886, and in default of payment she brought this suit. The declaration is in assumpsit upon special counts on the certificate, and the common counts. Defendant pleaded non-assumpsit and several special pleas. Issues of law on the special pleas or replications thereto, and of fact on the general issue, were all determined

in favor of the plaintiff and judgment entered for $2,000 damages, and the costs.

The questions presented on this appeal arise upon the determination by the court of these issues of law:

The fourth plea limits the cause of action to that stated in the first count, and as to that, avers that just before the issuing of said certificate, said Hand made an application in writing to the defendant to become a member and to have said certificate issued to him, in which application it was stipulated and agreed, among other things, that if his death should result from suicide said certificate should be void; that "by reference in said certificate, said stipulation was made a part of said contract;" and that his death did result from suicide.

A replication was filed averring that said stipulation was not made part of said certificate by express reference thereto in said certificate, and was not a part of said contract; to which defendant demurred specially, for duplicity.

The first count of the declaration, which the plea purported to answer, did not set out the certificate *in haec verba*, but according to its alleged legal effect, and the character of the reference, if any there was, to the application or stipulation mentioned, does not appear. But we do not get from the pleadings or arguments, nor have we in our own minds, any clear idea of the supposed distinction between a reference and an express reference in a written instrument. We apprehend that anything in a written instrument which, however indefinite, would refer the mind of the reader to a particular stipulation, must be an expression, and that the reference in that case would be express, though some part of its meaning might be implied. When, therefore, the plea averred that the stipulation was made part of the contract by reference in the certificate, it necessarily signified an express reference, and it implied, by the expression of the means stated, that it was not otherwise so made. So that the replication, in denying an express reference, denied nothing more or less than the plea affirmed; and the further statement that the stipulation was not a part of the contract was a necessary inference, though quite an unnecessary statement—mere surplusage, which does not vitiate.

We do not wish to be understood, however, as approving the plea. It would have sufficed to aver as the ultimate fact, that the stipulation was a part of the contract. If the pleader relied on the reference as the means by which it was so made, he should have set out the reference itself instead of his own opinion of its tendency and weight, as evidence. But if the plea is good, we think the replication is not liable to objection for duplicity. In either case the judgment on this demurrer was proper.

The seventh plea is like the sixth, except that it sets out the stipulation *in haec verba*, and avers that the same was and is a part of said contract of insurance. Plaintiff replied that it was not made a part of said contract by express reference thereto in said certificate of membership; to which replication defendant demurred, assigning for causes (1) that it is not material, (2) that it tenders an immaterial issue, and (3) that it contains a negative regnant.

In the case of the N. W. Benev. & Mut. Aid Association v. Bloom, 21 Ill. App. 159, we held that for other reasons the application and certificate should be construed together, as one instrument, and it is conceded that if that be the law this replication is bad. In that view counsel first argue that the plea also is bad, and carrying the demurrer back to it, the judgment was rightly rendered against the defendant. The points made against the plea are, first, the averment that the stipulation was part of the contract is a conclusion of law, and second, that it does not aver the company issued the certificate in consideration of a reliance upon this stipulation. We think it an averment of the ultimate fact, properly leaving for the proof those that are relied on to establish it; and if the stipulation is in fact a part of the contract, it is of course, supported by the consideration for the contract. Its materiality is unquestionable.

A very elaborate and forcible argument is also made against the opinion in the case of Bloom referred to, and a strong array of authorities is presented in support of the proposition that the stipulation can be made part of the contract only by express reference thereto in the latter ·making it so. To

many, if not all of these, our attention was called and given in that case.

We fully recognize their respectability as authority, and their weight in reason, but believe, as we then did, that in the conclusion reached, we followed the view of our own Supreme Court, which was regarded as controlling. We therefore hold that the Circuit Court erred in overruling the demurrer to this replication.

The eighth plea avers that the stipulation was proposed by Hand in order to induce the defendant to issue to him the said certificate of membership, well knowing that it would not receive him as a member and issue said certificate unless he so stipulated ; that, in fact, it would not have been issued if he had not so stipulated; and that he committed suicide. A general demurrer to this plea was sustained.

It is claimed that the only averment therein which can be pretended to allege that the certificate was issued in consideration of or reliance upon the stipulation, is the averment that it would not have been issued if the application had not contained that stipulation, and that this is immaterial. In N. W. B. & M. A. Assoc. v. Hall, 118 Ill. 171, where the medical examiner was asked whether Hall's application for membership would have been favorably passed upon if it had been stated in such application that he drank liquor, the court say : "What would have been the effect if some different statement from that therein contained had been made to the association, was of no consequence."

The reason for this, however, as also stated by the court, was that "the real issue was whether the statement made in the application was true or false." The question raised by this demurrer is quite different. It is whether the stipulation was material; and upon that point the question whether the obligation to pay would have been assumed by the company if it had not been made, was pertinent and of some consequence.

If the stipulation that suicide would avoid the obligation of the company should be disregarded, as of no consequence, it seems to us that a fraud upon it would be permitted, and

therefore that the court below erred in sustaining this demurrer.

We do not agree with counsel for appellant that a court of law has no jurisdiction of this case ; and the error of excess in the amount of damages allowed, being ten per cent., which the contract provides may be retained by the company as compensation for collection and disbursement, would be cured by *remittitur;* but for the reason above stated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*