## Grand Lodge Ancient Order United Workmen of Illinois v. Jesse.

1. BENEFICIARY SOCIETIES—*Application for Membership, Part of the Contract.*—The general rule of law that all papers *in pari materia* are to be read together, as constituting an entire contract, applies to the application for insurance in beneficiary societies and to the general rules and regulations of the society.

2. BENEFICIARY SOCIETIES—*Rights of Members of Subordinate Lodges.* —Where the constitution of a beneficiary society requires each member of a subordinate lodge applying for a degree, etc., to make application for the rights, privileges and benefits of the order, such application shall constitute a part of the contract of each member with

the general lodge, a member of a subordinate lodge by the nature of the relation existing between the subordinate lodge and the grand lodge, has the right to contract with the latter subject to and in accordance with the general rules and regulations, without being a member of it.

3. BENEFICIARY SOCIETIES—*Members of Subordinate Lodges Governed by Constitution and By-Laws of the General Lodge.*—A member of a subordinate lodge is governed by the constitution and by-laws of the general lodge, where, as a member of a subordinate lodge, he is qualified to contract with the general lodge, and by his contract obligates himself to comply with them.

4. BENEFICIARY SOCIETIES—*Forfeitures—Waiver of Same by Subordinate Lodges.*—A member of a subordinate lodge failed to pay an assessment, and his certificate, by operation of the rules, became suspended. These rules provided that it might be renewed within a period of three months from the date of suspension, upon the condition that all assessments made during the time of suspension should be paid, and if not done within thirty days from such date, a certificate of good health should be furnished. After the expiration of the thirty days, his delinquent assessments were paid by his wife to the financier of the subordinate lodge but no certificate of health was furnished. A minute of the payment and reinstatement was made on the books of the subordinate lodge, and the money forwarded to the proper officer of the general lodge, who refused to receive it, because no certificate of health accompanied it, and returned the same to the subordinate lodge. It was returned to the wife of the member who paid it. The minute upon the books of the reinstatement, etc., was stricken out, and an entry made, that because of the mental illness of the member and his inability to produce a certificate of health, as required by the rules of the grand lodge, his suspension was upheld. *It was held*, that, as the rules of the grand lodge provided the only method of reinstating a beneficiary certificate after it had been suspended for thirty days, the officer of the subordinate lodge could not waive the requirements.

5. BENEFICIARY SOCIETIES—*Subordinate Lodges—Agents of the General Lodge—Waiver of Rules, etc.*—A subordinate lodge and its officers have no authority to waive any rules of the grand lodge which relate to the substance of a contract between an individual member and the grand lodge.

6. BENEFICIARY SOCIETIES—*Forfeiture of Certificate—Insanity. no Excuse for Non-payment.*—It is a well settled rule of the law, that insanity furnishes no excuse for the non-payment of an assessment in a beneficiary society.

7. DAMAGES—*In Excess of the Amount Claimed.*—Under a declaration in assumpsit, with an *ad damnum* of $2,000, the cause was submitted to the court for trial without a jury, and a judgment entered for $2,050. It was assigned for error in the Appellate Court that the recovery was in excess of the *ad damnum*. The objection was not raised in the court below. *It was held*, it could not be raised in the Appellate

Court for the first time.   It should have been specifically pointed out in the motion for a new trial.

8.  VARIANCE—*Writ and Declaration.*—A variance between the writ and the declaration, the former being in debt and the latter in assumpsit, to be availed of in the Appellate Court, must first be raised in the court below, and when it is not, it can not be raised for the first time in the Appellate Court.

**Memorandum.**—Assumpsit on a beneficiary certificate.   Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.   Heard in this court at the October term, 1892.   Opinion filed February 14, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, JOHN P. AHRENS AND C. R. MATSON, ATTORNEYS.

Appellant contended that the only theory upon which the action of the subordinate lodge, in reinstating the beneficiary certificate, was binding on the defendant grand lodge, or estopped it from insisting upon the forfeiture, can be that the subordinate lodge and its officers were the agents of the grand lodge, and that it is bound by their acts.

But even if they were the agents of the grand lodge, they had no authority to waive any of its laws which relate to the substance of a contract between an individual member and his associates in their associate capacity.   Lyon v. Supreme Assembly, etc., Mass., 26 N. E. 236; Burbank v. Assn., etc., 144 Mass. 434; McCoy v. Roman Catholic, etc., 152 Mass. 272; Baxter v. Ins. Co., 1 Allen 294; Evans v. Ins. Co., 9 Allen 329; Hale v. Ins. Co., 6 Gray 169; Brewer v. Chelsea, 14 Gray 203; Mulrey v. Ins. Co., 4 Allen 116; Swett v. Society, etc., 78 Me. 541.

" The by-laws of a society are binding upon all the members and all are conclusively presumed to know them.   The Supreme Court of Indiana (Bauer v. Sampson, 102 Ind. 262,) says:  ' One who becomes a member of such an organization is chargeable with the knowledge of its laws and rules, and is bound by them.   He can not be ignorant of them, nor can he refuse obedience to them, unless, indeed, they

are illegal, or require the performance of acts which the law forbids. By-laws not in themselves illegal and not requiring the performance of acts contrary to law, must therefore be deemed binding upon all persons who become members. The reason of the rule is that by becoming a member one impliedly agrees to be bound by all legal acts of the majority under the compact of the articles of association." Bacon on Ben. Soc., Sec. 81; Bagley v. Grand Lodge, 131 Ill. 498.

The sickness or insanity of Jesse was no excuse for the non-payment of the assessments in question. Hawkshaw v. Knights of Honor, 29 Fed. Rep. 770; Hanson v. Knights of Honor (Ill.), 29 N. E. Rep. 1121.

Upon the question of variance it has been held that a joinder of counts in debt and assumpsit is a fatal error that can be taken advantage of on writ of error in the following cases: Cruikshank v. Brown, 5 Gil. 75; McGinnity v. Laguerenne, 5 Gil. 101; Adams v. Hardin, 19 Ill. 273; Gunnip v. Carter, 58 Ill. 296. Upon the same principle it certainly is as great an error to enter a judgment in debt on a finding in assumpsit under any sort of declaration. Frazier v. Laughlin, 1 Gil. 347; Wood v. Price, 46 Ill. 435.

When the finding and judgment exceed the amount of the *ad damnum* of the declaration, the judgment will be reversed. Oakes v. Ward, 19 Ill. 46; Russell v. City, 22 Ill. 283; Brown v. Smith, 24 Ill. 196; Walcott v. Holcomb, 24 Ill. 331; Rives v. Kumler, 27 Ill. 291; Kelly v. Third Nat. Bank, 64 Ill. 541.

E. F. MASTERSON and E. M. ASHCRAFT, attorneys for appellee.

OPINION OF THE COURT, SHEPARD, J.

October 24, 1887, the appellant issued to Charles Jesse a beneficiary certificate for $2,000.

The certificate on its face recites that " Brother Charles Jesse, a master workman degree member of Douglas Lodge, No. 177, of said order, is entitled to all the rights and privi-

leges of membership in the Ancient Order of United Work-men, and to participate in the beneficiary fund of the order to the amount of $2,000, which sum shall, at his death, be paid to his wife, Mary Jesse.

This certificate is issued upon the express condition that Charles Jesse shall, in every particular, while a member of said order, comply with all the laws, rules and require-ments thereof."

The application, signed by Charles Jesse, for said bene-ficiary certificate, is addressed to the appellant grand lodge, and recites that Jesse, having made application for the master workman's degree in Douglas Lodge, No. 177, of the order, agrees that compliance on his part with all the laws, regulations and requirements, which then were, or might thereafter be, enacted by said order, was the express condition upon which he was to be entitled to participate in the beneficiary fund of said order, and it was upon this application that the beneficiary certificate sued on, was issued.

The constitution of appellant prescribes the method of organizing subordinate lodges under the jurisdiction of the grand lodge, and establishes a form of constitution for the subordinate lodges.

The constitution also requires that each member of a sub-ordinate lodge shall, upon applying for the workman de-gree, make application for the rights, privileges and benefits of the order, such as was made by Jesse, and provides that such application shall constitute part of the contract of each member with the grand lodge.    Even without this express provision, the general rule of law is, that all papers *in pari materia* are to be read together as constituting the entire contract.    N. W. B. & M. Aid Association v. Bloom, 21 Ill. App. 159, and cases cited.

The application made by Jesse and the beneficiary certi-ficate sued on, and issued to him, show that Douglas Lodge, No. 177, of the order, was one of the subordinate lodges of the order.

It is not material that Jesse was not a member of the

grand lodge. He was a member of Douglas Lodge, and by virtue of the relations existing between Douglas Lodge and the grand lodge, had the right to contract with the latter, subject to and in accordance with the general rules and regulations of the grand lodge, which by express agreement on his part were a part of the contract.

He was as much governed by the constitution and by-laws of the grand lodge, as if he had been a member of the grand lodge, because as a member of the subordinate lodge he was qualified to contract with the grand lodge, and did, by his contract, obligate himself to comply with them. The agreement on the part of the grand lodge was expressly conditioned upon the compliance by Jesse with all the laws and rules of the order.

The rules of the grand lodge provide for the making of assessments with which to meet death losses. In accordance therewith an assessment was duly made for the month of February, 1890, upon all the membership, and notice duly given to Jesse.

It is provided by the constitution that the beneficiary certificate of each member who has not paid such assessment on or before the 28th day of the month for which it is made, and notice given, shall, by the fact of such non-payment, stand suspended, and that the member shall forfeit all his rights under his beneficiary certificate.

It is further provided that beneficiary certificates thus suspended, may be renewed within a period of three months from the date of such suspension, upon condition (and none other) that all assessments made during the time of suspension shall be paid, and if not done within thirty days from the date of such suspension, a certificate of good health, in the form prescribed, shall be furnished by the applicant for reinstatement.

Jesse having, as stated, failed to pay the assessment made for February, the suspension of his certificate was noted on the minutes of Douglas Lodge on March 5, 1890.

On April 23, 1890, which was more than thirty days after the suspension of Jesse's certificate, his wife paid to the

financier of Douglas Lodge, the amount of Jesse's arrearages, but no certificate of health was furnished, and on the same day a minute of Jesse's reinstatement was made on the books of Douglas Lodge. The money thus received of Mrs. Jesse was sent by the Douglas Lodge to the grand recorder of the grand lodge, who refused to receive it, and returned it to the Douglas Lodge, because it was not accompanied by a certificate of good health, and the proper officer of the Douglas Lodge returned the money to Mrs. Jesse. The minute of the entry of Jesse's reinstatement on the books of the Douglas Lodge was struck out, and a minute thereon made, that because of the mental illness of Jesse and his inability to produce a certificate of health, as required by the laws of the grand lodge, his suspension was upheld, according to those laws.

It appears that on May 1, 1890, Charles Jesse was duly adjudged insane, and it was found that his disease was of five months' duration.

Charles Jesse died October 6, 1891, and up to the time of his death no objection was made, either by himself, or his wife, to his suspension, after what has been stated.

The summons was in debt and damages laid at $2,000.

The declaration was in assumpsit with an *ad damnum* of $2,000.

The cause was submitted to the court without a jury, and judgment entered for $2,050.

It is assigned for error that there was a variance between the writ and the declaration, and that the amount of the finding and judgment exceeded the *ad damnum* of the declaration.

These questions, to be availed of here, should have been first raised in the court below. They were not. It is contended that because, among the reasons assigned for a new trial, in the Superior Court, it was said that the finding and damages assessed were excessive, the question may be raised here. But on the authority of Utter v. Jaffray, 15 Brad. 236 (affirmed in 114 Ill. 480), we think not. The error, if any, was not specifically pointed out in the reasons urged

for a new trial. Had the attention of the court below been drawn to the specific fact that the damages assessed exceeded the *ad damnum*, the error could, and doubtless would, have been corrected at once by leave to amend.

An objection which, if specifically pointed out in the court below, might have been at once obviated, can be of no avail if first urged here. I. & St. L. R. R. Co. v. Estes, 96 Ill. 473.

The main contention is as to the status or standing of Charles Jesse with reference to the beneficiary certificate and the appellant, at the time of his death.

It is claimed by appellee that Douglas Lodge was the agent of appellant, and that appellant is estopped from denying its liability, because of its acts, and the acts of the deputy grand master workman, in reinstating Jesse on the minutes of Douglas Lodge, and that Jesse was misled by such acts, and also because he had not been suspended on former occasions for not paying assessments. It seems that Douglas Lodge had, on some former occasions, paid for Jesse, and some other of its members, assessments for one month, and that a custom had grown up in that lodge to pay one assessment for a member, in case he failed to do so, and charge him a fine for so doing, and that in pursuance of that custom Douglas Lodge had paid for Jesse his January assessment. But it does not appear that the grand lodge had knowledge of the custom, or fact of payment in that way. And it does not appear that the custom extended beyond the payment of one assessment.

Douglas Lodge was not bound, therefore, even under the evidence of the custom, to pay for Jesse the February assessment, for non-payment of which the suspension in question was made.

If the testimony were specific that the deputy grand master workman had in any way aided or encouraged Mrs. Jesse in her effort to reinstate her husband, yet the only power of such deputy, under the constitution of the appellant, was to " institute new lodges," and such aid or encouragement would not affect the defense of the appellant.

If it be assumed that Douglas Lodge and its officers were

agents of the grand lodge in all matters pertaining to the collection of assessments, it does not follow that they had authority to waive any of the laws of the grand lodge which relate to the substance of a contract between an individual member and the grand lodge.    Brewer v. Chelsea Ins. Co., 14 Gray, 203; Burbank v. Boston P. R. Ass'n, 11 N. E. Rep. 691; Lyon v. Supreme Assembly (Mass.) 26 N. E. Rep. 236; Swett v. Society, etc., 78 Me. 541; McCoy v. Rom. Cath., etc., 152 Mass. 272; Bacon on Benefit Societies, Sec. 426 and cases cited.

The constitution of the grand lodge provided the only method for reinstating a beneficiary certificate after it had been suspended for thirty days.    The officers of the subordinate lodge could not waive those requirements.

Jesse had become suspended because of his failure to pay the February assessment, and his rights were thereby forfeited.    After the lapse of thirty days there was but one way for him to become reinstated, and that was by furnishing the required certificate of good health.    That was an essential prerequisite to the revival of the contract between himself and the grand lodge, and in view of the nature of the objects for which associations of this kind are conducted, it was a reasonable one, and one upon which the ability of such organizations must depend in safety to their members.

In this case, the arrearages that were received from Mrs. Jesse by the officers of the subordinate lodge and transmitted to the grand lodge, were promptly refused and returned by the latter because the certificate of good health did not accompany them.

It was the misfortune of Jesse that he was unable forever thereafter to furnish such certificate because of his insanity, but "the rule seems fully sustained that insanity is no excuse for non-payment."    Hawkshaw v. Supreme Lodge, etc., 29 Fed. Rep. 770, and cases cited.

It appears in evidence that Charles Jesse had about a year before been recorder of Douglas Lodge, and knew in fact, as well as being bound to know, the rules and laws of the society.

We see no ground for holding that the appellant is estopped from denying its liability because of the conduct of the officers of the subordinate lodge in reinstating Jesse without the certificate of good health.

The Supreme Court in N. W. Mut. Life Ins. Co. v. American, 119 Ill. 329, clearly states the doctrine of estoppel as applied to this case.

There is nothing in this record to show that Jesse was misled by what was done in the way of reinstating, but on the contrary, it may be fairly inferred that at the time when Mrs. Jesse paid his arrearages, he was in no condition to have furnished the necessary certificate of good health.

The February assessment was lawfully made; Jesse had due notice of it; his suspension occurred from the fact that he did not pay it. The attempted reinstatement by the subordinate lodge was not lawfully done, and was promptly repudiated by the grand lodge, and the arrearages paid for the purpose of procuring reinstatement were promptly paid back, and this action by the grand lodge was acquiesced in until after the death of Jesse, about a year and a half later.

There seems to be no merit in the suit, and the Superior Court ought to have so held and found for the defendant below, the appellant here.

The judgment of the Superior Court will therefore be reversed and the cause remanded.