## Wilson H. Low et al. v. Eugene Arnstein.

1. PARTNERSHIP—*A Partner can not Bind the Partnership to Pay His Debts.*—One partner has no right, by his promise to bind his copartners, without their assent, to pay his own private debt from the partnership assets. ·

2. EVIDENCE—*Hearsay—Statements of a Partner.*—In a suit by a partnership, evidence that one of the partners agreed that his individual debt might be charged to the firm, stating that the other partners had consented to that arrangement is hearsay as against the other partners and can not be admitted.

3. GARNISHMENT—*Effect of Judgment as to Amount due from Garnishee.*—A judgment of a justice of the peace against a garnishee in an attachment suit is not *res judicata* nor binding on the defendant in the attachment, except as to the amount actually paid by the garnishee.

Assumpsit, for goods sold and delivered. Appeal from the County Court of Cook County; the Hon. WALES W. WOOD, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed January 17, 1898.

WICKETT & BRUCE, attorneys for appellants.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellants, as partners in the name of Low & McFadden, sued appellee in assumpsit to recover a balance due on open account for goods sold and delivered. The trial resulted in a verdict and judgment for defendant, from which appellants appealed. February 12, 1895, and prior to the sale and delivery of any of the goods, the alleged balance due on which is the basis of appellants' claim in this case, the appellant Low, for his personal debt due appellee, gave and delivered to him his note of that date for the sum of $250, bearing interest at 6 per cent per annum, due four months after date, and payable to appellee's order. The contest in this case arose over whether

this note had been allowed, or was properly allowed as a credit on the claim of appellants.

Morrison, Plummer & Co., in a suit by attachment against appellants, before a justice of the peace, in which appellee was a garnishee, on August 30, 1895, recovered judgment against appellants for $149.53 and costs, and also against appellee as garnishee for $146.39, which appellee paid. The latter amount, it is claimed, was the balance due to appellants from appellee at that time. The weight of the evidence is that there was no contest as between appellants and appellee before the justice as to what amount was due to them from appellee, but if there was a contest, the finding and judgment of the justice is not *res adjudicata* nor binding on appellants, except as to the amount actually paid by the garnishee. Drake on Attach., (5 Ed.) 617, Sec. 707; Herman on Estoppel, 365, Sec. 314; Ruff v. Ruff, 85 Pa. St. 333.

Against the objection of appellants, the trial court allowed evidence on behalf of appellee of a conversation between him and appellant Low, to the effect that Low had told appellee that appellant McFadden had said to him, Low, that he, Low, could charge the note above described to the concern, meaning the firm of Low & McFadden. McFadden was not shown to be present at this conversation, nor was there any evidence, aside from this alleged conversation, that he ever assented to that arrangement. He denies emphatically that he ever assented to such arrangement.

The court also instructed the jury, in substance, that if they believed this evidence given on behalf of appellee, and that McFadden assented to this arrangement, then that appellee was entitled to credit any amount due from Low to Arnstein shown by the evidence. The admission of this evidence and the giving of this instruction, we think, was clearly erroneous. One

partner has no right, by his promise to bind his co-partners, without their assent, to pay his own private debt from the partnership assets. Wittram v. Van Wormer, 44 Ill. 525; Lill v. Egan, 89 Ill. 609; Casey v. Carver, 42 Ill. 225–8; McNair v. Platt, 46 Ill. 212.

Moreover, the evidence was hearsay, and could not be admissible to bind McFadden, the note not relating in any way to the firm business.

The judgment is reversed and the cause remanded.