## Otis E. Harvick, Appellee, v. Modern Woodmen of America, Appellant.

1. FRATERNAL BENEFIT SOCIETIES—*what constitutes contract of insurance.* The application, the benefit certificate and the by-laws of the society, so far as legal, are to be read together as constituting the entire contract of the society with the member.

2. FRATERNAL BENEFIT SOCIETIES—*when breach of warranty vitiates contract.* A substantial breach of a warranty by a member whether material to the risk or not, will relieve the society of the obligation of payment unless such breach has been waived by the society.

3. FRATERNAL BENEFIT SOCIETIES—*what constitutes breach of warranty.* Where the by-laws of a society provide that applicants for insurance must be over 18 and under 45 years of age, a warranty by an applicant that he was of eligible age, if untrue, will relieve the society of the obligation of payment unless the society has waived the breach.

4. FRATERNAL BENEFIT SOCIETIES—*effect of warranty as to date of birth and age.* It is competent for a fraternal benefit society to require an applicant for insurance not only to warrant his actual

age but his precise date of birth and such warranties where made are separate and distinct; and it is error for the court by its instructions to treat such warranties as constituting one and the same defense.

5. FRATERNAL BENEFIT SOCIETIES—*what essential to waive breach of warranty.* A waiver of a breach of warranty by a fraternal benefit society is not established by the mere receipt and retention of an assessment; it must be shown that such assessment was received and retained with knowledge by an agent of the society of the facts which constituted the breach.

6. FRATERNAL BENEFIT SOCIETIES—*when waiver of one breach of warranty does not waive the breach of another warranty.* While evidence might establish that a society has waived a breach of warranty consisting in the applicant falsely representing himself not to be over a certain age, yet such evidence would not necessarily waive a breach of warranty consisting in a false statement of the date of his birth; the society might well be willing to overlook a slightly excessive age but not an age materially in excess of that represented.

7. FRATERNAL BENEFIT SOCIETIES—*what not essential to defense of waiver.* In an action for insurance benefits against a fraternal benefit society the plaintiff is entitled to the benefit of the defense of waiver without specially pleading it.

8. FRATERNAL BENEFIT SOCIETIES—*effect of by-laws upon question of agency.* In an action against a fraternal benefit society to recover insurance benefits the plaintiff may show that the officers of the local camp are the agents of the head camp, notwithstanding the fact that the by-laws provide that they shall be considered the agents of the plaintiff. It is not within the power of a fraternal benefit society to avoid the responsibility cast upon it by law for the acts of its agents by a provision in the by-laws that they shall not be considered its agents, if as a matter of fact they are its agents.

9. FRATERNAL BENEFIT SOCIETIES—*how question of agency determined.* Whether or not the agents of a local camp are the agents of the head camp is a mixed question of law and fact to be determined by the jury under proper instruction on the evidence.

10. EVIDENCE—*how proof of age may be established.* The age of a deceased party may be established by proof of declarations of the deceased, by declarations of blood relatives, etc., when made *ante litem motam.*

Assumpsit. Appeal from the Circuit Court of Johnson county; the Hon. ALBERT W. LEWIS, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed November 12, 1910.

TRUMAN PLANTZ, GEORGE G. PERRIN and GEORGE W. ENGLISH, for appellant.

MANSFIELD, COWAN & BOULWARE and S. A. VAN KIRK, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The plaintiff is a beneficiary named in a certificate of insurance issued by the defendant, a benevolent fraternity, upon the life of plaintiff's brother, Frank W. Harvick. To the declaration defendant pleaded the general issue with notice of two special defenses in substance (1) that said Frank W. Harvick stated in his application for said certificate and as part of his contract of insurance, that he was born March 2, 1859, which statement was a warranty and untrue; that he was not born on said date but was born in March, 1857; (2) that he was over forty-five years of age at the date of his certificate, March 11, 1903, and under appellant's by-laws was ineligible and never became a member of defendant's society; and that said certificate was void and all payments thereon were forfeited by reason of said facts. The plaintiff joined issue and upon a jury trial judgment was rendered in favor of plaintiff against the defendant for $2,158.33. The defendant appeals.

It was conclusively proved on the trial that the said applicant represented in his application that he was born March 2, 1859. The said application contained among other things the following:

"I further agree that the foregoing answers and statements, ———— shall form the basis of the contract between me and Modern Woodmen of America, and are offered by me as a consideration for the contract applied for, and are hereby made a part of any benefit certificate that may be issued upon this application, and shall be deemed and taken as a part of such certificate: ———— and I further agree that if any answer or statement in this application is not

literally true, or if I shall fail to comply with and conform to any and all laws of said Modern Woodmen of America, whether now in force or hereafter adopted, that my benefit certificate shall be void.''

The said contract of insurance contains this clause:

''That the application for membership in this society, made by the said member, a copy of which is hereto attached and made a part hereof, —————— is true in all respects, and that the literal truth of such application and each and every part thereof shall be held to be a strict warranty and to form the only basis of the liability of this society to such member, and to his beneficiary, the same as if fully set forth in this certificate.''

The by-laws of the defendant provided that the applicant must be over eighteen, and under forty-five, years of age at date of certificate. Also that the clerk of the local camp is the agent of such local camp and not the agent of the head camp; that he shall not collect dues from a member whom he knows has made false representations in his application; and that the retention of dues or transmission of same to the head camp shall not have the effect of waiving the forfeiture of the certificate of such a member.

The application, the benefit certificate, and the by-laws of the association, so far as legal, are to be read together as constituting the entire contract of the deceased with the defendant. A. O. U. W. v. Jesse, 50 Ill. App. 101; Royal Arcanum v. Coverdale, 93 Ill. App. 373; Covenant Mut. L. Ass'n v. Kentner, 188 Ill. 431.

By the terms of this contract the statement of the deceased in his application that he was born March 2, 1859, was a strict warranty, as distinguished from a mere representation. A substantial breach of this warranty, whether material to the risk or not, will defeat the policy, unless the defense was waived by the defendant. Thomas v. Fame Ins. Co., 108 Ill. 91.

The provision of the by-laws that the applicant must be under forty-five years of age at the date of his cer-

tificate was binding; and if the evidence should prove he was over forty-five years of age at the date of his certificate, his policy was void unless the defendant waived that defense. As the charter of the defendant gave it power to insure persons between seventeen and sixty years of age, it could waive the provisions of its by-laws and insure a person over the age of forty-five and under sixty years. Wood v. Mystic Circle, 212 Ill. 532; Loyal Americans v. Mayer, 137 Ill. App. 574.

The evidence in this case upon the question of whether or not Frank W. Harvick was born March 2, 1859, was very conflicting. Plaintiff and defendant are both fortified with much evidence tending to support their respective sides of this question. As the judgment of the lower court will have to be reversed and the cause remanded for errors hereinafter noted, we refrain from discussing the evidence as to its merits, and will limit our consideration thereof to certain parts of it, the admissibility of which is challenged. It will be noted that there are two distinct defenses sought to be interposed in this case by the appellant, one of which is a breach of warranty by the insured as to the date of his birth and the other is a violation by him of the by-laws of the association. The plaintiff by his instructions numbered 4, 5, 7, 9, 12 and 13 treated these defenses as one and the same, or to speak more accurately, treated the second defense as the only one in the case. The plaintiff stated in his fourth instruction to the jury that the material defense made by the defendant in this case is that Frank W. Harvick was over forty-five years of age when his certificate was issued, and that the defendant must prove that fact to defeat a recovery by the plaintiff. Every instruction given for the plaintiff and conditionally directing a verdict for the plaintiff, whether upon the subject of waiver or otherwise ignores the defendant's defense that the insured warranted that he was born March 2, 1859, and that that

statement was untrue. For this reason all six instructions above named are improper, and the giving of them by the court was reversible error. It was competent for the parties to make that statement a strict warranty as they did; and if the proof shall show that it is untrue, the plaintiff cannot maintain this suit in the absence of proof of a waiver of this defense. There is no proof in this record that Morgan, the clerk of the local camp, or any other officer of said camp whose acts are claimed to be a waiver of any defense to said policy, had any knowledge whatever as to the date of the insured's birth, or that he had ever falsely stated the date of his birth, or that he had attempted to state the date of his birth in his application at all. The only evidence upon which to base a waiver was by the plaintiff to the effect that Morgan, clerk of the local camp told him when he delivered the proofs of death to Morgan and asked him to get Mr. Newton's signature to them that Morgan came back to him and said Mr. Newton (Venerable Consul) refused to sign it because he said Frank Harvick was too old when he joined the lodge, and that after that statement Morgan received from plaintiff an assessment owed by him on the certificate and sent it to the head camp and that the assessment has never been returned. There can be no waiver predicated on Newton's knowledge and acts because he refused to recognize the liability after death of assured, and there is no evidence in the record that he ever knew of the date of the assured's birth or his exact age prior to assured's last illness. He swears he had no such knowledge prior to his last illness. For this reason also Newton's name should not have appeared in instruction No. 13 for plaintiff and plaintiff's No. 9 was improper because there was no evidence that the defendant knew the insured was over forty-five years of age when the certificate was issued. Plaintiff's instruction No. 11 states an abstract proposition of law simply and should not have been given for that reason; and, besides, as the construction of

the contract is for the court the jury should not have been told in an instruction that defendant's laws, rules, etc., "will be most strictly construed against it."

This case necessarily hinges upon the truthfulness of the statement of the applicant that he was born March 2, 1859. If that statement is untrue plaintiff cannot recover. If the statement is true then the applicant was not forty-five years old when the certificate was issued. But it is not true that proof that he was not forty-five years of age proves that he was born March 2, 1859. So unless there is evidence on which to base a waiver of the defense of breach of warranty, the doctrine of waiver ought not to be brought into the case at all as it could not avail plaintiff in such case and could only serve to confuse the jury. The defendant might be willing to waive the provision of the by-law if the applicant was only a few months over forty-five years old if it was collecting assessments and dues for that aged man, while it might be altogether unwilling to waive a defense of warranty as to date of birth where, as the defense claims in this case, the applicant was two years older than he stated his age to be. The defenses are materially different in name, and also in results to the association, and it had the right to have the jury so understand and properly pass on the issues in the case.

On the question of waiver, if it can properly arise in the case, we are of the opinion that the plaintiff is entitled to the benefit of that defense without specially pleading it. The authorities so hold. Bailey v. The V. Nat. Bank, 127 Ill. 332; German F. Ins. Co. v. Grunert, 112 Ill. 68.

The plaintiff may show that the officers of the local camp are the agents of the head camp, notwithstanding the fact that the by-laws provide that they shall be considered as the agents of the plaintiff. It is not within the power of the defendant to avoid the responsibility cast on it by law for the acts of its agents, by a provision in the by-laws that they shall not be

considered its agents, if as a matter of fact they are its agents. Whether or not the agents of a local camp are the agents of the head camp is a mixed question of law and fact to be determined by the jury, under proper instructions, from the evidence, notwithstanding such by-law. The L. M. Ins. Co. v. Bell, 166 Ill. 400; Royal Neighbors of A. v. Boman, 177 Ill. 27; Supreme Lodge K. of H. v. Davis, 26 Colorado 253; Bacon's Benefit Societies, Sec. 153.

We do not think the court erred in permitting plaintiff to testify as to the age and date of the birth of the assured, but we think that it was competent for plaintiff to testify that the assured said about ten years before he applied for the certificate in question that he was born March 2, 1859. It is true that what his brother said in that regard, was hearsay testimony. Pedigree and family history may be proved by hearsay evidence, that is, it may be proved by the declarations of deceased, blood relatives, or of husband or wife, of the party whose pedigree is at issue, when made *ante litem motam*. The term pedigree embraces not only descent and relationship, but also the facts of birth, marriage, and death, and the date or times when these events happened. 1 Elliott on Ev., secs. 360, 361, 364 and 377; 1 Wharton on Ev., secs. 201 and 213; Greenleaf on Ev., secs. 103 and 104; Am. L. Ins. & T. Co. v. Rosenagle, 77 Penn. St. 507.

The declaration of the party whose pedigree is in issue, if dead, is admissible to prove his pedigree, if not self-serving and at all times if disserving. It has been admitted by courts of high authority in this country even when self-serving, but the Mississippi Court would exclude it if self-serving. Washington v. Bank for Savings, 171 N. Y. 166; Young v. Shulenberg, 165 N. Y. 385; Eisenlord v. Clum, 126 N. Y. 552; Cuddy v. Brown, 78 Ill. 415; Wise v. Wynn, 59 Miss. 588.

The declaration of the assured at the time the family record was destroyed, some ten years before he ap-

plied for this certificate, that he was born March 2, 1859, was neither self-serving nor disserving so far as he could then discern. If made it must have been made without any thought of any possibility of it ever affecting him or any one claiming through him in a law suit. Nobody, other than his parents, could be supposed to know better than he when he was born. It was admissible. What proving force it shall have is a question for the jury.

But for the errors indicated the judgment of the lower court is reversed and the cause will be remanded for a new trial.

*Reversed and remanded.*