## Mary Dailey, Appellee, v. Grand Lodge Brotherhood of Railroad Trainmen, Appellant.

1. JUDGMENT—*impropriety of entering without proof after plea of general issue and special plea and demurrer sustained to special plea.* Where a defendant files an affidavit of merits with its plea of general issue and special pleas and upon the court sustaining a demurrer to its special pleas the defendant elects to abide by its plea, it is error to enter judgment for plaintiff with no proof other than the affidavit of claim filed with the declaration.

2. INSURANCE—*misrepresentation unintentionally made as to warranty as avoiding policy.* If an applicant for insurance warrants the statements in his application to be true and it develops that they are not true, the misrepresentations will render the contract of insurance null and void, though the misstatements are unintentionally made.

3. INSURANCE—*misrepresentation of age as avoiding policy.* Where the constitution of a life insurance association provides that an applicant for insurance must not be over forty-five years of age on the day of his application, a statement by an applicant who was over that age that he was forty-four years and three months of age was a warranty and renders the certificate null and void.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1922. Reversed and remanded. Opinion filed September 23, 1922.

W. C. COLLISTER and WILLIAM P. LAUNTZ, for appellant.

FARTHING, BOYLES & FARTHING, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

This is an appeal from a judgment in the circuit court of St. Clair county in favor of appellee, Mary Dailey, widow and beneficiary of Thomas P. Dailey, deceased, against appellant, the Grand Lodge Brotherhood of Railroad Trainmen.

The declaration consists of one count in which is set forth the certificate and sections of the constitu-

tion, rules and regulations of appellant company, relied upon. Appellee filed with her declaration an affidavit of claim. To said declaration appellant filed a plea of the general issue and three special pleas, together with a purported affidavit of merits not sworn to. Thereafter, by leave of court, a verified affidavit was filed.

A demurrer filed to said special pleas by appellee was sustained by the court. Appellant having elected to abide by its plea, the court entered judgment against it for $1,425.50, being for the full amount claimed. In entering judgment the trial court required no proof other than the affidavit of claim filed with said declaration.

It is first contended by appellant that the trial court erred in rendering judgment without proof of appellee's case as set forth in her declaration. In other words, it is insisted by appellant that the trial court entered judgment against it on the affidavit filed with appellee's declaration as though there were no plea of the general issue with affidavit of merits on file. We are of the opinion this point is well taken.

Section 55 of chapter 110 of the Revised Statutes [Cahill's Ill. St. ch. 110, ¶ 55] provides, among other things: "If the plaintiff in any suit upon a contract, express or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment, as in case of default, unless the defendant, or his agent or attorney, shall file with his plea an affidavit, stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and specifying the nature of such defense, and if a portion specifying the amount (according to the best of his judgment and belief).  *  *  *"

The court evidently treated the affidavit of merits

filed with the general issue as a nullity. Under the holdings of the Supreme and Appellate Courts of this State, this is not the proper practice. *McDonnell v. Harter,* 22 Ill. 28.; *Filkins v. Byrne,* 72 Ill. 101; *Braidwood v. Weiller,* 89 Ill. 609; *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 521; *Terhune v. Weston,* 69 Ill. App. 248.

In *McDonnell v. Harter, supra,* the court at page 29 says:

"The plea of the general issue was regularly filed, and was never stricken from the files. On this state of the record the court assessed the damages as if upon a default. If the affidavit of merits, which was filed with the general issue, was insufficient, the plea should have been stricken from the files. While it remained it was a bar to the action, until tried by a jury, or by the court with the consent of the parties in place of a jury, and found to be untrue."

In *Cramer v. Illinois Commercial Men's Ass'n, supra,* the court at page 522 says:

"In *Braidwood v. Weiller,* 89 Ill. 606, it was said that the more usual way of taking advantage, under the Practice Act, of the want of an affidavit of merits accompanying the plea is by motion for a judgment as in case of a default or by motion to strike the plea from the files for want of such affidavit."

We have examined the affidavit of merits accompanying this plea and while not in the best form we are of the opinion that the affidavit of merits was sufficient, as it stated that appellant had a good defense to the whole of appellee's cause of action on the merits and set forth, we think, in sufficient detail, the ground relied on in defense of said cause of action. We hold, therefore, that inasmuch as there was an affidavit of meritorious defense on file with the general issue at the time in question, the court erred in rendering judgment without proof being made of the material allegations of appellee's declaration.

It is next contended by appellant that the court erred in sustaining the demurrer to its special pleas.

The first special plea set forth that Thomas P. Dailey, the insured, misstated his age in the application for said certificate, he stated his age to be forty-four years and three months at said time, whereas he was then forty-eight years, eight months and three days of age, and that said statement with reference to his age was warranted to be true in said application and that said misstatement of his age under said contract of insurance rendered said certificate null and void. The third plea is substantially the same as the first plea except that in addition to the facts above set forth it is alleged "that section 120 of the constitution of the defendant in force at the time provided as follows, viz.: 'The applicant shall be a white male, sober, industrious, and must join of his own free will. He must not be less than eighteen and not exceeding forty-five years of age on the day his application is presented to the lodge.' "

On the day of the trial and after demurrer had been sustained to the second special plea, which was in the nature of a plea of accord and satisfaction, appellant tendered a more formal plea of accord and satisfaction setting forth in greater detail the facts in connection with the alleged misrepresentations by the said Dailey with reference to his age and the purported accord and satisfaction of said claim, but the court refused leave to file the same. It is insisted by appellant that the ruling of the court on said special pleas was erroneous. It has been frequently held by the courts of this State that where an applicant for insurance warrants the statements in his application to be true, then if it develops that such statements are not true, such misrepresentations will render the contract of insurance null and void, and this is true even though the applicant unintentionally makes such misstatements. *McCann v. Ladies of Maccabees of the World*, 182 Ill. App. 320; *Helman v. Royal Neighbors of America*, 207 Ill. App. 575; *Cessna v. United States*

*Life Endowment Co.,* 152 Ill. App. 653; *United States Fidelity & Guaranty Co. v. First Nat. Bank of Dundee,* 137 Ill. App. 382; *Harvick v. Modern Woodmen of America,* 158 Ill. App. 570; *Heubner v. Metropolitan Life Ins. Co.,* 146 Ill. App. 282.

In *Cessna v. United States Life Endowment Co., supra,* this court at page 656, quoting from *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474, says:

"It is generally true, that where the application is expressly declared to be a part of the policy, and the statements therein contained are warranted to be true, such statements will be deemed material, whether they are so or not, and if shown to be false, there can be no recovery on the policy, however innocently made, and notwithstanding their falsity may have no agency in causing the loss, or producing the death of the assured. * * * Where the application for a policy of insurance is expressly declared to be a part of the policy and such statements are warranted to be true, they will be held material whether they are or not, and if shown to be false there can be no recovery on the policy. *Metropolitan Life Ins Co. v. Zeigler,* 69 Ill. App. 447; *Fame Ins. Co. v. Thomas,* 10 Ill. App. 545; *Bloomington Mut. Life Benefit Ass'n v. Cummins,* 53 Ill. App. 530."

In *Heubner v. Metropolitan Life Ins. Co., supra,* the court at page 289 says:

"If the deceased warranted that she had not been attended by a physician for a serious complaint, nor had suffered from a pulmonary disease, then her good faith in making the statement which constituted the warranty was of no importance. The only test of the effect was its accuracy."

In *United States Fidelity & Guaranty Co. v. First Nat. Bank of Dundee, supra,* the court at page 388 says:

"It is reasonable that parties should be allowed to determine conclusively for themselves what representations shall be deemed material to the risk, and when the insurer makes inquiry as in the case at bar,

concerning certain matters, prior to making the contract, and the insured answers, such matters are to be deemed material, since the 'inquiry shows that the insurer considers the fact material and an answer by the insured affords a just inference that he assents to the insurer's view.' May on Insurance, sec. 185.''

In *Harvick v. Modern Woodmen of America, supra,* our court at page 573 says:

''The application, the benefit certificate, and the by-laws of the association, so far as legal, are to be read together as constituting the entire contract of the deceased with the defendant. *Grand Lodge A. O. U. W. v. Jesse,* 50 Ill. App. 101; *Royal Arcanum v. Coverdale,* 93 Ill. App. 373; *Covenant Mut. Life Ass'n of Illinois v. Kentner,* 188 Ill. 431.

''By the terms of this contract the statement of the deceased in his application that he was born March 2, 1859, was a strict warranty, as distinguished from a mere representation. A substantial breach of this warranty, whether material to the risk or not, will defeat the policy, unless the defense was waived by the defendant. *Thomas v. Fame Ins. Co.,* 108 Ill. 91.

''The provision of the by-laws that the applicant must be under forty-five years of age at the date of his certificate was binding; and if the evidence should prove he was over forty-five years of age at the date of his certificate, his policy was void unless the defendant waived that defense.''

Under the above authorities the statement by the insured with reference to his age was a warranty and, if not true, it would be material to the risk and would render the certificate null and void.

We, therefore, hold that the court erred in sustaining the demurrer to the first and third special pleas. We are also of the opinion that the court should have allowed appellant to file the plea of accord and satisfaction. One of the objections thereto being that it was double, we are of the opinion that this plea is not double and that the purported facts set forth in the plea with reference to the alleged misrepresentations

on the part of the insured with reference to his age was mere inducement to the plea.

For the reasons above set forth the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*