EBENEZER Z. RYAN, surviving Assignee of the Bank of Illinois, Appellant, *v.* OLIVER C. VANLANDINGHAM *et al.,* Appellees.

### APPEAL FROM GALLATIN.

A replication to a plea should not put in issue a negative allegation, but should present an affirmative matter. A negative cannot be traversed by another negative.

More than one rejoinder cannot be filed without leave, and more than one, if so filed, are as if never filed; but if all the rejoinders shall be demurred to, it may be considered, when the court entertains the demurrer, that the right to file them has been affirmed.

The fact that notes were given in lieu of cash, for subscription to bank stock, is not a defense, under the 9th section of the act of 1845, in reference to the Illinois Bank.

THIS case was brought before this court by the ancestor of appellees, and decided at the November term, 1855 ; see 17th Ill. R., p. 25.

In June, 1856, the opinion and judgment of this court was filed in the court below, when the cause was docketed for trial, and continued. In October the plaintiff filed a second replication to defendants' thirteenth plea, which was joined by defendants ; the plaintiff also filed a replication to the defendants' eighth plea, to which defendants filed a demurrer, which was joined by plaintiff, and the court took time, etc., and the cause was continued. In May, 1857, the death of the then defendant was suggested, and an order made, requiring the present defendant to be notified of the pendency of the suit, and to appear and defend, etc.

In June, 1859, the defendants having been notified, appeared to the action, when the plaintiff, by leave of the court, withdrew the replication to the eighth plea, and filed a replication as of that term, to which the defendants filed a demurrer, which was joined ; the defendants, by leave of the court, filed an additional

plea, number twenty, to which the plaintiff filed a first and second replication, to each of which defendants filed demurrers, which were joined, and upon the questions of law arising upon the pleadings, the court sustained the demurrer to the replication to the eighth plea—overruled the demurrer to the first replication to the twentieth plea, (after which defendants joined issue) and sustained the demurrer to the second replication to said plea. The plaintiff then, by leave of the court, filed a second replication to the eighth plea, to which defendants filed a demurrer, which was sustained by the court. The plaintiff then, by leave of the court, amended the said second replication, to which defendants demurred, which demurrer was overruled. The defendants then, by leave of the court, filed three rejoinders to said amended replication; the first was joined by the plaintiff, to the second and third the plaintiff filed demurrers. The court then overruled the demurrers to the second and third rejoinders, and the plaintiff not further answering said rejoinders, judgment was given against him in bar of the action; from which judgment the plaintiff prosecutes this appeal.

The first replication (filed June, 1859) to the eighth plea, to which the demurrer was sustained, is set out in the opinion of the court.

The second replication contains the same admission as the first, and avows "that at the time of the commencement of said suit the said assignees were liable to pay to the State of Illinois two hundred and ninety-five thousand dollars of State liabilities, for State stock in the said bank, also the sum of twenty thousand dollars in State liabilities, forfeited to the State by reason of the non-payment of the said sum of $295,000, and said assignees were also liable to pay to the holders of the bills and certificates of said bank, the sum of thirty thousand dollars, remaining unredeemed, and that the interest of the creditors of said bank required the collection of said stock notes; all which the plaintiff is ready to verify, etc."

The second replication as amended, contains the same admission with the first, and avers "that at the time of the commencement of this suit there was due to the State of Illinois, which the said assignees were required to pay, the sum of two hundred and ninety-five thousand dollars of State liabilities; also the sum of twenty thousand dollars of State liabilities, forfeited to the State by reason of the non-payment of said $295,000; that there was also outstanding and unredeemed, the bills and certificates of said bank, to the amount of $34,000, which the said assignees were bound to redeem, and that the assets of said bank had been exhausted in paying the liabilities of said bank by said assignees except the amount of $100,000, so that the interest of the cred-

itors of said bank required the collection of said stock notes;" concluding with a verification.

The demurrer to this replication was overruled; the defendants then filed three rejoinders.

The first traverses the allegations on which issue was made.

The second denies " that all the assets of the bank except to the amount of $100,000 had been exhausted in paying the liabilities of the bank by the assignees, as alleged."

The third admits the allegations in the replication, and avows " that at the time of the commencement of this suit there was due to the plaintiff and Albert C. Caldwell as such assignees, upon stock notes given upon original subscription to the capital stock of said bank, the sum of $500,000, so that the interest of the creditors of said bank did not require the collection of the whole amount of said notes sued on herein, and this they are ready to verify," etc.

To each of these rejoinders the plaintiff filed demurrers, which were overruled.

The twentieth plea, filed June, 1859, alleges " that both of the notes in said declaration mentioned, were executed by the said O. C. Vanlandingham (since deceased) upon his subscription to the capital stock of said Bank of Illinois, and for no other purpose or consideration, and that said notes were, and are, what are called and denominated ' stock notes' of said bank, and this they are ready to verify," etc.

To this plea the plaintiff filed two replications:

First. Admitting that said notes were given on the subscription to the capital stock of said bank, and that they are stock notes, and averring " that the interest of the creditors of the bank require the collection of the whole amount of said notes;" with conclusion to the country.

Second. Making the same admission as the first, and averring " that the balance of $295,000 of State stocks in said bank has not been paid by the assignees to the State, nor have they paid the State the sum of twenty thousand dollars in State liabilities, forfeited to the State by reason of the non-payment of said sum of $295,000 as required by law;" with conclusion to the country.

The errors assigned are:

First. The court erred in sustaining the demurrer to the replication, filed June, 1859, to the eighth plea.

Second. The court erred in sustaining the demurrer to the second replication filed to the said eighth plea.

Third. The court erred in overruling the demurrers to the second and third rejoinders to the second replication, as amended.

Fourth. The twentieth plea contains no defense to the action, and the court erred in not deciding the said plea insufficient, on

the demurrers to the replications to the said plea, and in sustaining the demurrer to the second replication to said plea.

Fifth. The court erred in permitting several rejoinders to one replication.

Wm. Thomas, for Appellant.

W. H. Underwood, for Appellees.

Breese, J. The pleadings in the case are quite voluminous, but the controversy arising upon them can be properly narrowed down to the consideration of the sufficiency of the eighth and twentieth pleas.

The eighth plea has been decided by this court to be good. *Vanlandingham* v. *Ryan*, 17 Ill. 27.

It avers, in substance, that both the notes sued on were executed by the defendant upon his subscription to the capital stock of the Bank of Illinois, and for no other purpose or consideration, and says that said notes were and are what are called "stock notes" of said bank, and avers that at the time of the commencement of this suit, there were no debts or causes of action existing against the president, directors and company of the said Bank of Illinois, nor against the assignees thereof; concluding with a verification.

The first replication to this plea is as follows:

The plaintiff says that true it is, that both of said promissory notes, in the declaration mentioned, were executed by said O. C. Vanlandingham upon his subscription to the capital stock of said bank, and that said notes were and are what are called and denominated "stock notes" of said bank, yet it is not true that at the time of the commencement of this suit, there were no debts or causes of action existing against the president, directors, etc., of said Bank of Illinois, nor against the assignees thereof, as in said plea is alleged, and of this he prays an inquiry by the country.

We think the demurrer was properly sustained to this replication, for the reason that it attempts to throw upon the defendant the proof of a negative, and seeks to traverse a negative by a negative, which is not legitimate pleading. A traverse should always be upon some affirmative matter, and not seek to put in issue a negative allegation. 1 Ch. Pl. 613.

The facts are presumed to be within the knowledge of the plaintiff, and he should have replied specially, that there were existing liabilities and indebtedness on the part of the bank rendering it necessary to collect these stock notes.

These requirements are met by the second replication, to

which there were three separate rejoinders, without any special leave of the court, as the statute requires. This, of itself, would dispose of all but the first rejoinder, for the others being filed without leave, are as if never filed, and not properly before the court. The plaintiff's demurrer to these rejoinders, however, having been entertained by the court, we will consider that as affirming the right to file them, and as equivalent to special leave. The demurrer to all the rejoinders was over-ruled. We think it should have been sustained to the second and third, for the reason that the second rejoinder does not go far enough, nor answer the last allegation in the replication that the interests of the creditors of the bank required the collection of the stock notes. And the third is defective, as it is not responsive to any allegation in the replication, and does not fortify and sustain the plea. Nor does it follow, because there were five hundred thousand dollars of stock notes due, it was not necessary to sue and recover a judgment upon the notes in suit.

The twentieth plea we deem bad, for the reason that no defense to this action could be made of the simple fact that the notes were stock notes. Something more should be alleged to bring the case within the ninth section of the act of 1845. Acts of 1844–5, page 246.

The demurrer to the replication to this plea should have been carried back to the plea and sustained as to the plea, as it presents no sufficient defense.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*