## Dwelling House Insurance Company
### v.
### James D. Raynolds.

*Fire Insurance—Policy—Conditions—Vacancy.*

Where there is no application, and no knowledge upon the part of the insurer or its agent of the existence of things which the policy declares shall render it void, the insured is bound by the conditions of the policy which he accepts. The fact that the insurance is solicited by an agent, and no representations are made, can not do away with a condition in the policy.

[Opinion filed November 2, 1891.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Appellee being the owner in fee of a vacant dwelling house in Riverside, Cook County, applied to one Frank E. Bryant, (a real estate agent) who resided at Riverside, to let it for him. Bryant placed it upon his list for rent and showed it to various parties. Bryant having the house on his list to rent and being appellant's agent for the purpose of soliciting insurance, spoke to appellee about insuring the house, and an insurance of $2,500 was thus, through said Bryant as appellant's agent, effected; the premium of $25 was paid to Bryant.

Bryant then actually knew that the house was vacant, as he had known for some time, but the fact of its being vacant, he testifies, did not occur to him at any time until it was actually burning. He testified: "If any one had asked me at the time I negotiated this insurance and received the premium whether the house was vacant or occupied, I would have answered that it was vacant. If I had stopped to think, I would have known that the house was vacant."

The policy contained a clause making it void in case the house was, or should become, vacant. Appellee had previously held another policy of insurance in the same company

upon the same property, and the property then being vacant had procured a vacancy permit; the house was afterward occupied and the premises insurance had expired when the loss occurred.

Appellee stated nothing to Bryant about its condition; he was merely asked by Bryant if he wished to insure, to which he replied that he did.

The fire began in a dwelling to the west of appellee's, and was thence communicated to his house. The defendant filed the plea of the general issue and also a special plea setting up that the policy was void because the building was vacant at the time the policy was issued and so remained until the destruction thereof. To this special plea plaintiff replied that the defendant, at the time of the making of said policy, knew that the plaintiff's said dwelling house and its additions were vacant and unoccupied, as set forth in said plea, and notwithstanding such knowledge, issued said policy to the plaintiff and received and accepted from the plaintiff the premium thereof. Defendant rejoined as follows: "To the replication to the second plea, defendant says that it did not know that the said dwelling house or its additions were vacant or unoccupied, as set forth in the replication."

The jury returned a verdict for the amount of the policy; the court gave judgment thereon and the defendant below took an appeal.

Messrs. HARBERT & DALEY, for appellant.

Messrs. BALL, WOOD & OAKLEY, for appellee.

*Per Curiam.* The only question about which, on the trial, there was any room for dispute, arose under the defendant's rejoinder to the replication to the special plea, viz., "that it did not know that the said dwelling house or its additions were vacant and unoccupied." Upon this the court instructed the jury as follows:

"If you believe from the evidence in this case that the plaintiff, at the time of the issuing to him, by the defendant,

of the policy of insurance in controversy in this suit, was the owner of the house and appurtenances covered by such policy, and that without solicitation and without representations by the plaintiff as to the occupancy or vacancy of said house, an agent of, or other person acting for, said defendant, solicited and obtained from plaintiff the insurance upon said house for said defendant, and that the said policy was thereupon issued to plaintiff and the premium paid thereon, then you are instructed that said company is presumed to have then and there known the condition of said house as to its occupation or vacancy, and to have waived any conditions in said policy of insurance inconsistent with such condition."

We do not think that the mere fact that the insurance is solicited by any agent of the company, and that no representations are made, can do away with the plain provision of a policy that it will be void if premises are vacant.

Where there is no application, and no knowledge upon the part of the insurer or its agent of the existence of things which the policy declares shall render it void, the insured is bound by the conditions of the policy which he accepts. Farland v. St. Paul Fire & Marine Ins. Co., 49 N. W. Rep. 253; May on Insurance, Sec. 167; Swan v. Watertown Ins. Co., 96 Penn. State, 37.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*