## Frank Crikelair and Mary Crikelair, Copartners as F. Crikelair & Co. v. Citizens Insurance Co.

1. INSURANCE—*Conditions of the Policy Binding.*—Where there is no written application, and no knowledge on the part of the insurer or its agent of the existence of a chattel mortgage upon the property sought to be insured, which the policy declares shall render it void, the insured is bound by the conditions of the policy which he accepts.   The fact that no representations are made by the insured regarding the chattel mortgage can not do away with the conditions of the policy.

2. SAME—*Insured Presumed to Know Contents of the Policy.*—Upon receipt of a policy of insurance by the insured the contract of insurance is completed in all its terms, and binding upon both parties.   The assured accepts it with all its conditions and limitations, and is conclusively presumed to know its contents.

3. SAME—*No Representations Made by the Insured.*—The fact that no questions were asked of the insured by the agent who wrote the policy, and no representations were made by the insured regarding the incumbrance upon the property, can not do away with the conditions of the policy.

Assumpsit, on an insurance policy.   Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.   Heard in this court at the October term, 1896.   Affirmed.   Opinion filed February 9, 1897.

BULKLEY, GRAY & MORE, attorneys for appellants.

BATES & HARDING, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The policy of insurance sued upon contained the following provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void    *    * if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

It is admitted that the subject of insurance was personal property, and that at the time the policy of insurance was taken out, and also at the time the fire occurred, the property was incumbered by a chattel mortgage that remained unpaid; that no disclosure of the fact was ever made to appellee or to any of its agents, and that no person connected with appellee ever had actual knowledge of the chattel mortgage until after the fire occurred. Such mortgage covered the personal property mentioned in said policy, and all of it; and was for the sum of $700.

The question that appellants have argued is one of law merely—whether or not, because of such clause in the policy, and of the facts stated, the policy was void.

The court below, who tried the cause without a jury, held that it was void, and gave judgment for the insurance company, and this appeal has followed.

The contention is, that the defendant company, by writing the insurance and issuing the policy, is estopped; that the contract was made with reference to the then existing condition of the property, and that in the absence of fraud or deception, or false representations, the defendant has waived such provision of its policy.

And in furtherance of such contention the trial judge was asked, but refused, to hold, as a proposition of law, as follows:

"The court finds, from the evidence in this case, that at the time the plaintiff applied to the agents of the defendant for the policy of insurance sued on in this case, that there was a chattel mortgage upon the property insured, and that the defendant had an opportunity to learn of the existence

Crikelair v. Citizens Insurance Co.

of such mortgage, if its agents did not then know of it, but that the said agents made no inquiries regarding such chattel mortgage at the time of effecting the insurance on said property, and that no deception of any kind was practiced by the plaintiffs on the defendant or its agents; and thereupon the court holds as a proposition of law that the defendant company consented to the insuring of the mortgaged property as effectually as if a written indorsement to that effect had been made upon the policy itself; and that therefore the policy was and is a valid policy."

The facts stated in the proposition are substantially in accord with the proofs, and it is insisted that it was error not to hold the law, upon the facts, to be as embodied in the proposition.

There has been some contrariety of opinion among the courts upon the law in such a case, but we feel constrained to hold that the weight of authority and of reason is the other way, and that the propositions of law asked and held for the appellee stated the correct doctrine.

Where there is no written application, and no knowledge on the part of the insurer, or its agent, of the existence of a chattel mortgage which the policy declares shall render it void, the insured is bound by the conditions of the policy which he accepts. The fact that no representations are made by the insured regarding the chattel mortgage can not do away with the conditions of the policy.

Upon receipt of a policy of insurance by the insured the contract of insurance is completed in all its terms, and binding upon both parties. The assured accepts it with all its conditions and limitations, and is conclusively presumed to know its contents, and the fact that no questions were asked of the insured by the agent who wrote the policy, and no representations were made by the insured regarding the incumbrance upon the property, can not do away with the conditions of the policy.

It would seem that the law of Wisconsin, the State where the property was situated and the insurance contract entered into, should be given controlling weight, and we interpret

the decisions of the Supreme Court of Wisconsin to be in support of the judgment before us. Wilcox v. Continental Insurance Company, 85 Wis. 193, and cases there cited; see also Dwelling House Ins. Co. v. Raynolds, 41 Ill. App. 427.

The judgment is affirmed.