Rozgis, Appellee, v. Missouri State Life Insurance
Company, Appellant.

Gen. No. 8,688.

Opinion filed May 24, 1933. Re-
hearing denied June 23, 1933.

GUNN, PENWELL & LINDLEY, ALLEN MAY and J. R.
BURCHAM, for appellant.

J. R. DEAN, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the
court.

This was an action in assumpsit to recover for
alleged total and permanent disability under a certif-
icate of insurance. The policy, a standard form of
life insurance, contained the following contract and
provision:

"If the Member shall furnish the Company with
due proof that before having attained the age of sixty

years, he or she has become totally and permanently disabled by bodily injury or disease and that he or she is then, and will be at all times thereafter, wholly prevented thereby from engaging in any gainful occupation and that he or she has been so permanently and totally disabled for a period of six months, the Company will immediately pay to the Member in full settlement of all obligations hereunder, the amount of insurance in force hereunder on the Member at the time of the approval by the Company of the proofs as aforesaid.''

There was a declaration, which set out the policy, and various pleas, replications, rejoinders and surrejoinders, the large number of which are not important to the determination of this cause.

Appellant issued a group policy of insurance to the Coal, Coke and Supply Companies Employees' Insurance Association, and under that group policy certificates of insurance were issued to members of said association.

On December 7, 1928, a group of solicitors, working upon salary, solicited the employees of that mine for insurance and the undisputed testimony of these solicitors was that they were working on a salary and that their salary was not dependent upon the number of applications taken. The evidence was undisputed that these agents were mere soliciting agents and had no authority other than to solicit applications and see that the applications were sent to the home office.

Appellee signed an application, which by the ''card record'' showed the date of his birth as June 15, 1882. This application purports to have been signed January 1, 1928, but had been lost. The court denied admission of the ''card record'' in evidence. Upon the trial, which was held May 27, 1932, appellee by his own evidence was 66 years of age.

There was a verdict and judgment in favor of appellee and against appellant in the sum of $850 and

appellant has brought the record to this court, by appeal, for review.

In the proofs there is a great deal of testimony as to the statements and conversations between the appellee and soliciting agent at the time the application was signed, which in the opinion of this court has no bearing upon this case. An agent having authority only to solicit applications and forward to the home office, is a soliciting agent and has no power to waive the provisions of a policy. (*Winnesheik Ins. Co. v. Holzgrafe*, 53 Ill. 516; *Pardon v. Wasvary*, 249 Ill. App. 327; *Niedringhaus v. Aetna Insurance Co.*, 235 Ill. App. 335; *Shimp v. Cedar Rapids Ins. Co.*, 26 Ill. App. 254; 26 C. J. 289; 32 C. J. 1116.) Neither is parol evidence admissible to vary the terms of a written contract by showing what was said before or at the time of its execution. (*Hartford Fire Ins. Co. v. Webster*, 69 Ill. 392; *Winnesheik Ins. Co. v. Holzgrafe, supra; Niedringhaus v. Aetna Insurance Co., supra.*) An insured is bound by the terms of a policy of insurance where he accepts the policy and keeps it for a long period of time. (*Shimp v. Cedar Rapids Ins. Co., supra; Dwelling House Insurance Co. v. Raynolds*, 41 Ill. App. 427; *Harvick v. Modern Woodmen of America*, 158 Ill. App. 570.)

But the fundamental defect with this cause of action is that appellee is seeking to compel appellant to execute a contract which it did not make and which is against the public policy of the State. All insurance is permeated with a public interest, and policies of this character are supervised and controlled by the State. Illinois has a standard form of policy, supervised by the Director of Trade and Commerce, and it is provided in Cahill's St. ch. 73, ¶ 538, section 280, chapter 73, Smith-Hurd's Revised Statutes 1931:

"No policy of life insurance shall be issued or delivered in this State by a company organized under the laws of any foreign government doing a business

of life insurance under this Act, until the form of the same has been filed with the Director of Trade and Commerce and after the Director of Trade and Commerce shall have notified any company of his disapproval of any form, it shall be unlawful for such company to issue any policy in the form so disapproved," etc.

No form of policy has ever been issued or sought in the State of Illinois insuring against total and permanent disability by bodily injury or disease, accruing before one becomes 66 years of age or accruing before one becomes 64 years of age, and it is, therefore, a subject as foreign to the insurance laws of this State as any subject of speculation, imagination or chance, and becomes a mere gambling contract and is against the public policy of the State.

Neither the legislature nor the common law has vested in the courts the administrative power to determine what are the proper subjects to be protected by insurance, which are only to be determined by a vast amount of accumulated data, facts and experience, the results of which are changeable with the times, seasons and cycles. This court is without power, authority or inclination, by estoppel or otherwise, to give effect to an illegal and unlawful contract of the nature as arises in this suit.

For all that appears in this record, appellee did have a right to recover that portion of the premiums he paid for the total and permanent disability sections of his contract, if he had claimed their return.

For the reasons stated, the judgment of the circuit court of Vermilion county is reversed.

*Reversed.*