Fay Spence, Appellee, v. Washington National Insurance Company, Appellant.

150

Opinion filed July 10, 1943. Rehearing denied August 3, 1943.

STONE & FOWLER, of Marion, for appellant.

H. E. SKINNER, of Marion, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

Fay Spence, in a trial before the court without a jury, obtained a judgment for $1,000 against Washington National Insurance Company, defendant and appellant. The suit was by plaintiff as beneficiary under an accident policy issued by defendant to Willie Spence, husband of plaintiff. The husband was killed as a result of his Ford truck, in which he was riding, colliding with another car.

Willie Spence made application for membership in the Auto Club of Egypt. This was a nonprofit organization for motorists which furnished its members road service, towing and wrecking service, maps, guides, bail bond service and an accident policy. A part of each membership fee collected by the auto club was paid to the defendant as premiums for such accident policies. The defendant sent policies to the secretary of this auto club, printed, and ready for delivery to the member. The secretary of the auto club was authorized by defendant to, and did, insert the name of the member as the insured, the name of the beneficiary, and the date of the policy. The secretary of the auto club countersigned the policy as agent of defendant. Willie Spence, on February 11, 1939, signed a written application for membership in this auto club. In this application, after the word "car," was written the word "Ford." The word "truck" was not mentioned in the membership application to the club. The policy in question was then issued and delivered to Willie Spence with his membership card.

Across the front page of these policies in very large letters appear the words, "This is a limited policy. Read it carefully." Like large letters and notice appeared on the back of the policy. Part one of the policy was in regard to Railroad Accidents; part two in regard to Steamship, Interurban, Street Railway, Subway and Elevated Accidents; and part three was in regard to weekly disability indemnity. The salient words of part four (a) which was the part upon which

liability is here claimed reads as follows: ''part four: Automobile, Taxi Cab, Burning Buildings and other specified Accidents. (a) By the wrecking or disabling of any private passenger type automobile of the exclusively pleasure type (motorcycles excepted) . . . within which the Insured is riding or driving as a passenger at the time of such wrecking or disabling.''

We will give consideration first to the propriety of the count's rulings on questions pertaining to the pleadings.

Paragraph 5 of the original complaint alleged that, when the policy was delivered, defendant, by its agent, informed the insured that the policy was valid upon any kind or type of automobile insured might own or become owner of by exchange and was transferable to other automobiles he might afterwards desire, because the policy did not insure the automobile but insured against injury to the person and loss of life by accident and that the agent well knew the kind and type of automobile then being driven by the insured.

Motion was made to strike this paragraph five, and the motion was sustained. No error has been assigned to this action of the court.

The amended complaint then struck out said paragraph five and substituted in lieu thereof, paragraph 5a, which averred that Spence was driving and riding in a private passenger type of automobile of the exclusively pleasure type, which said automobile was totally wrecked by an accidental collision with another automobile. The answer of defendant to this allegation was that defendant denied these allegations, all and singular, of paragraph 5a of said complaint as amended. The answer admitted some of the paragraphs of the amended complaint and denied other paragraphs. In no part of this answer was any new matter of defense alleged nor was any claim of setoff averred.

Several months after this answer was filed, without notice or motion or leave of court, plaintiff filed a reply to this answer which contained no affirmative matter. This reply in substance averred that, although the motor vehicle in which Spence was riding at the time of the injuries was a motor vehicle of the class commonly known as Pick-Up Truck, it was, as to Spence, an exclusive pleasure type and used exclusively for pleasure and passenger purposes by him, which fact was known to defendant and its agent when soliciting the insurance; and that, thereby, defendant ought to be estopped to deny the truck was not covered by the policy. The defendant filed its motion to strike this reply, assigning many reasons. The trial court reserved its ruling on this motion until after the hearing, and then denied the motion. Error is assigned upon denial of this motion.

The purpose of a complaint under the Civil Practice Act, as well as under the former practice, is to state the theory of a cause of action upon which plaintiff bases his claim of liability. The function of a replication is to reply to any new matter set up in an answer or plea. A reply can not supply omissions in a complaint, add new grounds of action, or permit the taking of a position inconsistent with that alleged in the complaint. *Pressley v. Bloomington & Normal Railway & Light Co.*, 271 Ill. 622, 626; *McConnel v. Kibbe,* 29 Ill. 483; 49 C. J. 342.

The record does not show that this reply was filed in accordance with paragraphs 3 or 5 of rule 8 of the Supreme Court. *Conour v. Zimmerly,* 290 Ill. App. 546, 547, 548. Such reply, furthermore, has been held subject to demurrer. *Pressley v. Bloomington & Normal Railway & Light Co., supra.*

It has been held that waiver or estoppel must be pleaded in the initial pleading. *Moore v. National Fire Ins. Co.,* 275 Ill. App. 1, 5–8; *Feder v. Midland Casu-*

*alty Co.,* 316 Ill. 552, 559; *Waxenberg v. J. J. Newberry Co.,* 302 Ill. App. 128, 141; *Ryan v. Vanlandingham,* 25 Ill. 128.

The Civil Practice Act, Ill. Rev. Stat. 1941, ch. 110, par. 156, sec. 32 [Jones Ill. Stats. Ann. 104.032] provides the circumstances when a reply is proper. By this statute, it is proper when new matter is pleaded in the answer by way of defense or counterclaim. In the case under consideration, no counterclaim was filed by defendant, and the answer of defendant did not plead any new matter whatever. Every pleading shall contain an explicit admission or denial of each allegation of the pleading to which it relates. Illinois Civil Practice Act, sec. 40(1) [Jones Ill. Stats. Ann. 104.040].

We are of the opinion that the circuit court erred in not granting the motion to strike this reply.

The burden of proof of estoppel or waiver is upon him who claims it. The proof in this case fails to show waiver or estoppel against the defendant. In a case where such proof is proper, estoppel or waiver must be proven by clear, precise and unequivocal evidence. *Coal Belt Elec. R. Co. v. Peabody Coal Co.,* 230 Ill. 164.

In this case, there is an attempt to increase the risks covered by the policy. In *Niedringhaus v. Aetna Ins. Co.,* 235 Ill. App. 335 at page 337 this court said, "A contract of insurance which relates to one definite and distinct subject cannot be turned into a contract for the insurance of another and different subject on proof that the agent of the company by mistake described the wrong property, that is, in an action at law." This court further pointed out the well settled rule that, in the absence of ambiguity, parol evidence is inadmissible to show that other property not answering the description contained in a contract was included or intended to be included therein. In *Rozgis v. Missouri State Life Ins. Co.,* 271 Ill. App. 155 at page 157, this court pointed out a number of authorities holding that

an agent of an insurance company having authority only to solicit applications and forward same to the home office, is a soliciting agent and has no power to waive the provisions of a policy. It is further recited that parol evidence is not admissible to vary the terms of the written contract of insurance by showing what was said before or at the time of its execution, and that the insured is bound by the terms of the policy where he accepts and keeps it for a long period of time. Such rules apply to the insured in this case.

Appellant cited many cases of other jurisdictions supporting its contention that the coverage in a policy can not be increased by invoking the doctrine of waiver or estoppel. In *Maryland Casualty Co. v. Adams,* 159 Miss. 88, 131 So. 544, the policy provided that the automobile should not be used for towing a trailer. It was alleged the insurer's agent knew the automobile was being used to tow a trailer. The court denied the asserted claim of waiver, pointing out that such was not like a case which involved a forfeiture condition or the like, but that it was there sought by waiver to make a contract which the parties themselves have not made. A few of the cases cited by appellant which bear out this principle of law are 29 Am. Jur. 690, sec. 903; *Keistler Co. v. Aetna Ins. Co.,* 124 S. C. 32, 117 S. E. 70; *Home Ins. Co. of New York v. Campbell Motor Co.,* 227 Ala. 499, 150 So. 486; *Carew, Shaw & Bernasconi v. General Casualty Co. of America,* 189 Wash. 329, 65 P. (2d) 689.

The contention of plaintiff is that one McDaniel who solicited the membership of Willie Spence in this automobile club had knowledge that Spence owned a Ford truck and not a Ford car as stated in the written application for membership signed by Willie Spence; and that McDaniel, in substance, made the statements as above alleged in the replication. This policy, as above stated, gave very prominent notice that it was a limited policy, and that it should be read carefully. The

same warning was on the back of the policy. A sample policy had been issued to Spence for examination some time before he signed his application for membership in this automobile club. After Spence received his policy, a friend read it and talked to Spence about this policy for the friend was interested in insurance himself. It thus appears that Spence actually knew of the wording of the policy. He kept it for a long time without any complaint or offer to return it.

The evidence further shows that McDaniel was not an agent of defendant; was not in the employ of defendant. Defendant paid him nothing. McDaniel did not make any reports or send any premiums to defendant. Defendant had no control over him. There is no evidence which showed that McDaniel was other than an ordinary soliciting agent. As pointed out above and as shown by many authorities of many courts, such an agent does not have the power to waive the provisions of a policy. *Pardon v. Wasvary,* 249 Ill. App. 327; *Rozgis v. Missouri State Life Ins. Co.,* 271 Ill. App. 155, 157; *Sommerio v. Prudential Ins. Co. of America,* 289 Ill. App. 520. We find no evidence showing that Willie Spence was misled by any act of this insurance company, the defendant.

The remaining question for consideration is whether the Ford truck in which Willie Spence was riding at the time of the accident brought him within the terms of his contract of insurance with this company. We have quoted, above, the terms of part 4 of this policy. It seems clear to us that this Ford truck was not such a vehicle. It was the ordinary standard Model Half Ton Ford Pick-Up Truck. It had an enclosed cab with an express type body in the rear. Such trucks are built for light pick-up work, hauling of material, delivery of groceries and the like.

The contention of plaintiff in her argument is that she has proven that Willie Spence used this truck for hauling persons whom he picked up an the highway or

at church and for transporting his family to church and other places; that he rode in it to and from work; that sometimes he put benches in the back part of the truck upon which persons sat; and that he only hauled coal and articles in it for his own family use. Plaintiff concludes that as to him, Spence, this truck was a passenger type automobile of the exclusively pleasure type.

But it seems to us that such is not the proper yardstick with which to measure this insurance contract. It is not a question whether this truck was a passenger automobile "as to Spence." Defendant had the right to prescribe the kind of vehicle and type of vehicle it desired to cover by its insurance policy. Whether accidents are more likely to occur to people riding in trucks or whether more serious injuries may result to people in truck accidents might be a reason why defendant was pleased to exclude such vehicle by the wording in its contract. But any reason defendant might have had for such exclusion is immaterial. This policy did not say that it covered a vehicle which might be used as a passenger car by the insured. If the construction urged by the plaintiff is recognized an insured might then ride in a tractor or tank or caterpillar vehicle, and call it, as to him, a passenger automobile.

The statutes of Illinois classify motor vehicle and designate one type as passenger cars and other types as those designed for carrying more than seven passengers or for the carrying of freight and commodities. Ill. Rev. Stat. 1941, ch. 95½, secs. 2, 8, 9 [Jones Ill. Stats. Ann. 85.002, 85,008, 85.009].

The Supreme Court of North Carolina in *Lloyd v. Columbus Mut. Life Ins. Co.*, 200 N. C. 722, 158 S. E. 386, construed a policy which required the insured at the time of injury to be riding in a private automobile of the pleasure car type. The insured was riding in a Model A 1½ ton Ford Truck, which had a cab like the truck in question. There, as here, the truck was used

for hauling passengers. The court held that the Model A truck was not a private automobile of the pleasure type. In *Dirst v. Aetna Life Ins. Co.* (Iowa), 5 N. W. (2d) 185, the court likewise held that an insured riding in a Ford Pick-Up Truck was not riding in a passenger automobile of the pleasure car type. Liability was denied thereon a policy similar to the one in question here.

For the reasons above stated, the judgment should be reversed and judgment entered here for the defendant. Same ordered.

*Reversed.*