**Rosa Silberman, Plaintiff, v. Washington National Insurance Company, Defendant.**

Opinion filed August 22, 1944.

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, for appellants.

KRAMER, CAMPBELL, COSTELLO & WIECHERT; JONES, HOCKER, GLADNEY & GRAND and JAMES C. JONES, JR., all of East St. Louis, for appellees.

MR. JUSTICE STONE delivered the opinion of the court.

This was an action in the circuit court of St. Clair county, by Rosa Silberman to recover on a policy of life insurance for $10,000 issued by the National Life

Insurance Company (liability thereunder assumed by defendant company) on the life of Emanuel Silberman, who died on July 5, 1942, in which plaintiff was the beneficiary. In defense of this action it was alleged that the policy had lapsed for the nonpayment of a quarterly premium of $109.80 due thereunder on June 30, 1941, that while the policy ostensibly had a cash value which, after deduction of an outstanding loan or indebtedness, was sufficient to continue it in force as extended insurance in the sum of $7,825.58 from June 30, 1941 to a date beyond July 5, 1942, nevertheless, so it is alleged, the insured had misrepresented his age in his application for said policy; that instead of being born on January 1, 1879, and being 51 years of age when he applied for the policy on June 25, 1930, as he had represented in his application, he was in fact, born on September 19, 1874 and was 56 years of age, when he applied for the policy, and that as a result of this difference in age, the policy did not have a sufficient net cash value on June 30, 1941, to continue it in force as extended insurance to July 5, 1942, the date of insured's death.

The case was tried by a jury and the issues were determined in favor of the plaintiff and her damages were assessed at $7,566.11. The jury also, in response to a special interrogatory submitted at the request of the defendant, found that the insured was born January 1, 1876. Plaintiff filed a motion for judgment on the verdict and defendant filed a motion for judgment notwithstanding the verdict and for a new trial. On March 7, 1944 the court denied all motions, except defendant's motion for new trial, which motion was sustained, and the verdict of the jury set aside. Plaintiff, in this court, seeks an appeal from the order of court, granting the new trial.

An examination of this record does not disclose to us that abuse of discretion in the trial court which must obtain in order to warrant an appeal from an order

granting a new trial. *Lawson v. Fisk,* 316 Ill. App. 591; *Couch v. Southern Ry. Co.,* 294 Ill. App. 490.

Inasmuch as this cause is to be retried and may be brought to this court on another appeal, we refrain from discussing the merits at this time.

The petition for leave to appeal is denied.

*Petition denied.*