## Rosa Silberman, Appellee, v. Washington National Insurance Company, Appellant.

### Term No. 46M18.

Opinion filed October 4, 1946. Rehearing denied November 18, 1946. Released for publication November 18, 1946.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and R. J. KRAMER, all of East St. Louis, JONES, HOCKER, GLADNEY

& GRAND and JAMES C. JONES, JR., all of St. Louis, Missouri, for appellant.

PHILIP G. LISTEMAN and WHITNEL, BROWNING, LISTEMAN & WALKER, all of East St. Louis, for appellee; LLOYD MIDDLETON, of St. Louis, Missouri, of counsel.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal by appellant, Washington National Insurance Company (hereinafter called defendant) from a judgment in the sum of $7,404.83, on the verdict of a jury of $9,064.60, in favor of appellee, Rosa Silberman (hereinafter called plaintiff), and, likewise, involves a cross-appeal by the said plaintiff from the action of the trial court in concluding that the defendant was entitled to adjust the amount due under an insurance policy to the amount that the premium actually paid would have purchased for a man who was born January 1, 1876, that is, in a reduced sum amounting to $1,659.77.

The action of the plaintiff was founded on an insurance policy in which plaintiff was named as beneficiary. The policy was carried in the defendant company by the deceased husband of plaintiff. This case had been heard previously, and the court below had granted a new trial, the granting of which was sustained in this court (*Silberman v. Washington Nat. Ins. Co.*, 323 Ill. App. 555). On the second trial, which culminates in this appeal, the jury, by a general verdict, found for plaintiff, and by answering two special interrogatories submitted by defendant found that the insured was born January 1, 1876. The defendant's theory of defense was that the insured was born prior to such date.

It is the contention of the defendant that the finding of the jury that the insured was born on January 1,

1876, is against the manifest weight of the evidence. This contention is based upon the theory that documents and written admissions issued under authority (consisting of written application for a passport, and declaration of intention to become a citizen, as well as similar matters), were entitled to much greater weight and credibility than contradictory oral testimony at the trial.

The application on the policy involved in this action stated that insured was born January 1, 1879. The plaintiff conceded that that date was not correct, but contends that the deceased insured was born January 1, 1876. To relieve itself of liability in the present case the defendant company was required to prove that the insured was born prior to January 1, 1876. In support of this position the defendant submitted documentary evidence consisting of petition for naturalization, citizenship exhibits, a passenger list manifest, an application for a passport, and a hospital record. Such evidence was not entirely consistent but the dates varied considerably in all those documents, which showed different dates of birth, from September 19, 1874 through various dates in 1875.

On behalf of the plaintiff evidence was offered, through testimony of several witnesses, to show that the date of birth of the deceased insured was January 1, 1876. There was evidence that the particular birth date inserted in the application was copied by an agent, without any direction on part of the insured, and may have been the result of an error of the agent of the company alone. The contention that the plaintiff's pedigree evidence was not entitled to the same consideration as the evidence submitted by defendant is not sustained by our Supreme Court (*Welch v. Worsley*, 330 Ill. 172). In that case it was determined that pedigree evidence is primary and not secondary, and is admissible on the ground that it is the best evidence obtainable. Evidence of age, includ-

ing statements of age and date of birth made when no controversy exists, has been given due credence and appropriate weight in the courts of this State (*Champion v. McCarthy*, 228 Ill. 87; *Harvick v. Modern Woodmen of America*, 158 Ill. App. 570.)

In the instant case the burden was on the defendant to prove that the age of the insured was such that at the time of his death the extended insurance provision of the policy had expired, and it has been consistently held that a defense of misstatement of age must be proved by clear and cogent evidence (*Weininger v. Metropolitan Fire Ins. Co.*, 359 Ill. 584; *Wolen v. Metropolitan Life Ins. Co.*, 287 Ill. App. 415). It is likewise clear that the determination of the weight of the evidence and the credibility of the witnesses is a jury function with which the court will not interfere unless the verdict is clearly and palpably against the manifest weight of the evidence (*Rembke v. Bieser*, 289 Ill. App. 136).

The jury in this case had the right to believe plaintiff's evidence and to disregard that offered by defendant. A court of review should not set aside a verdict where the evidence conflicts even though the apparent weight of the evidence impresses the court as being in favor of the unsuccessful party (*Carney v. Sheedy*, 295 Ill. 78).

In this case two juries have found the issues for the same party. We have clearly stated that a consistent second verdict should not be disturbed as being against the manifest weight of the evidence (*Goldstein v. Metropolitan Life Ins. Co.*, 324 Ill. App. 168).

It is particularly objected that the trial court erred in permitting plaintiff to testify over defendant's objection that the date of insured's birth in a family bible, which she examined as long ago as 1915, was noted as January 1, 1876. The evidence was to the effect that the mother of the insured had the bible with her in 1915 and that she took the bible away and that it

was last heard of in the Isle of Jersey five or six years prior to the trial of the case. The mother had died about five or six years before the trial of the cause now on appeal. It is the contention of the defendant that such secondary evidence of the contents of a document was not admissible merely because the document was in a foreign State of jurisdiction, but that a showing should be made of due effort and diligence to locate the document and to have it transmitted to Illinois for use at the trial, before secondary evidence of its contents would be admissible. The only objection made to the offer of the evidence as to the entry in the bible was that the book was the best evidence. There was no objection made on the ground that proper preliminary proof was not made to lay a foundation for secondary evidence. This specific ground of objection now raised on appeal cannot be urged for the first time at this state of the proceedings (*Baltimore & O. S. W. R. Co. v. Brubaker,* 217 Ill. 462; *Gillespie v. Gillespie,* 159 Ill. 84).

The sufficiency of preliminary proof of diligence (including judicial notice of the fact that the Isle of Jersey was in the war zone and had been occupied by Germany, and that communications were not restored until after the time of the trial) was addressed to the discretion of the trial court, and we cannot say that such discretion was abused (*Newson v. Luster,* 13 Ill. 175; *Maxcy–Barton Organ Co. v. Glen Bldg. Corp.,* 355 Ill. 228). We do not believe there is any reversible error in the admission of the evidence that the family bible carried the birth date of the deceased as January 1, 1876, under the circumstances.

As to the contention that the mistake in stating the insured's age being in the application as a result of a mistake of the insurer's agent, and that, therefore, the defendant could not reduce the amount due under the policy on the authority of *Lowenstein v. Old Colony Life Ins. Co.,* 179 Mo. App. 364, 166 S. W.

889, 893, it is only necessary to point out that in the *Lowenstein* case the policy sued upon was issued by the defendant, without any previous application therefor, and without any representations by the insured to the defendant concerning his age or date of birth. The *Lowenstein* case is authority for the proposition that if the mistake was made by defendant and not the result of any misrepresentations on part of plaintiff, the plaintiff could not be restricted to the amount of insurance which the premium paid would have purchased at the correct age of insured. The policy in the instant case contained an age adjustment clause providing for adjustment of the amount on the basis of the actual age of the deceased. It has been recognized in this State that the rule that an insurer is chargeable with knowledge of its soliciting agent only applies to misrepresentations of the insured in his application for a policy, and has no application to the provisions or conditions of the policy itself (*Spence v. Washington Nat. Ins. Co.*, 320 Ill. App. 149: *Rozgis v. Missouri State Life Ins. Co.*, 271 Ill. App. 155).

Under the facts in the instant case the court was not estopped from invoking such age adjustment clause, and the action of the court below in entering judgment for the reduced amount of insurance which the premium paid would have purchased for a man who was born January 1, 1876, together with interest, was proper, and should be affirmed. The judgment of the circuit court of St. Clair county will, therefore, be affirmed.

*Judgment affirmed.*

Stone and Bartley, JJ., concur.