Alice Mary Richer, Plaintiff-Appellant, v. Catholic Order of Foresters, Defendant-Appellee.
Catholic Order of Foresters, Cross-Plaintiff-Appellee, v. Alice Mary Richer, Cross-Defendant-Appellant and Francis B. Stine, Executor of Estate of Robert E. Richer, Cross-Defendant-Cross-Plaintiff-Appellee.

Gen. No. 10,460.

Opinion filed July 12, 1951. Rehearing denied October 2, 1951. Released for publication October 2, 1951.

C. M. GRANGER, of Kankakee, for plaintiff-appellant.

FRANCIS B. STINE, of Chicago, for appellee, *pro se.*

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Alice Mary Richer filed a suit in the circuit court of Kankakee county against the Catholic Order of Foresters seeking to recover $1,000 the face value on an insurance policy on the life of Robert E. Richer, deceased. The policy was in the usual form and named the beneficiary as follows:

| Full baptismal name and surname of new Beneficiary | Relationship | Amount to be paid to each Beneficiary |
|---|---|---|
| Alice Mary Richer | Sister | |
| if living, otherwise to Edmond R. Richer | Son | $500.00 |
| My Estate | | $500.00 |

The Catholic Order of Foresters filed a bill of interpleader in the suit and stated that there was a dispute between Alice Mary Richer the sister, mentioned in the insurance policy and Francis B. Stine, Executor of the Estate of Robert E. Richer, deceased.

Francis B. Stine claimed that the wording in the policy of insurance is ambiguous and that the intention of Robert E. Richer was to make his estate a beneficiary in the amount of $500 in this insurance policy.

Francis B. Stine was made a party defendant to the suit and filed his answer setting forth the same facts as alleged in the petition of interpleader by the Forester Company.

The case was tried before the court without a jury and over the objection of Alice Mary Richer, Francis B. Stine was permitted to testify as to the conversation that he had with Robert E. Richer and an undisclosed party purporting to represent the insurance company, in making a change in the beneficiary. The original policy had made Clara Richer, the wife of Robert E. Richer, as the beneficiary, but she predeceased him in 1947. Stine had been the attorney for Robert E. Richer for a number of years and drew his will, and by it he was made executor of the same. Instead of changing the beneficiary in the original policy, the Forester Company issued a new policy and sent it to Stine. Stine examined it and then forwarded it on to Robert E. Richer, who held possession of it until the time of his death.

The court found the issues in favor of Alice Mary Richer to the extent of $500, and to Francis B. Stine as executor to the other $500. In the court's opinion he finds that the words used in the policy of insurance are capable of two inconsistent meanings and are ambiguous, but that there was no mutual mistake of the parties, and there is no occasion to reform the policy; that the proper construction of the words used based on the evidence, oral and documentary, is to give the plaintiff, Alice Mary Richer, $500 and $500 to the Estate of Robert E. Richer. A decree was entered accordingly. Alice Mary Richer has perfected an appeal to this court claiming the court erred in not giving her the full amount of the policy of insurance.

 We cannot agree with the trial court that there is any ambiguity in this policy, as it seems to us it is plain that Alice Mary Richer, who is living, is en-

titled to the full amount of the policy. There being no ambiguity in the meaning of who the beneficiary is intended in this policy, we think the court erred in permitting oral evidence to state what transpired between the attorney and Richer, and the man purporting to represent the insurance company, as to the change of beneficiary desired by Mr. Richer. In *Spence v. Washington National Insurance Company,* 320 Ill. App. 149, a case similar to this in some respect, it is there stated:

"Parol evidence is not admissible to vary the terms of the written contract of insurance by showing what was said before or at the time of its execution, and that the insured is bound by the terms of the policy where he accepts and keeps it for a long period of time." Such rules apply in this case.

 In order to reform this policy of insurance, it is necessary that the mistake be mutual, and the court by its finding, has held that the mistake was not mutual. It is stated in *Ambarann Corporation v. Old Ben Coal Corporation,* 395 Ill. 154, "to reform an instrument upon the ground of mistake, the mistake must be of fact and not of law, and it must be mutual and common to both parties and in existence at the time of the execution of the instrument, showing that at such time the parties intended to say a certain thing and, by mistake, expressed another, and before an instrument will be reformed, satisfactory evidence of mistake must be presented, leaving no doubt as to the mutual intention of the parties, a mere preponderance of the evidence being insufficient."

It is our conclusion the court erred in not decreeing that Alice Mary Richer was entitled to the full amount of this insurance.

*Reversed and remanded.*