COMMONWEALTH INSURANCE COMPANY OF NEW YORK, The Continental Insurance Company, Milwaukee Insurance Company of Milwaukee, Wisconsin, and United States Fire Insurance Company, Plaintiffs-Appellants,

v.

O. HENRY TENT & AWNING COMPANY, a corporation, Defendant-Appellee.

No. 13143.

United States Court of Appeals
Seventh Circuit.

Feb. 21, 1961.

Rehearing Denied March 27, 1961.

Further Rehearing Denied
April 5, 1961.

John P. Gorman, Donald N. Clausen, Herbert W. Hirsh, Jerome H. Torshen, Chicago, Ill., for plaintiffs-appellants.

Morris A. Haft, Haft, Shapiro & Davis, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, DUFFY, Circuit Judge, and GRUBB, District Judge.

GRUBB, District Judge.

This is an appeal from a judgment entered in an action for declaratory judgment brought by plaintiffs-appellants to determine the extent of their liability under policies of fire insurance containing a monthly reporting form endorsement. O. Henry Tent & Awning Company (hereinafter referred to as the "Insured") counterclaimed in the suit for the amount of its actual loss. For previous appeals in this case see Commonwealth Insurance Company of New York v. O. Henry Tent & Awning Company, 7 Cir., 1959, 266 F.2d 200 and 7 Cir., 1959, 273 F.2d 163.

On March 31, 1955, The Commonwealth Insurance Company, The Continental Insurance Company, Milwaukee Insurance Company, and United States Fire Insurance Company (hereinafter referred to as the "Insurers") each issued to the Insured an Illinois standard policy of fire insurance with Form No. 111 (Ed. June, 1953) "Multiple Location Reporting Form A, Monthly Average, With Premium Adjustment" attached thereto, for a period of one year, covering stock, materials, and supplies owned by the Insured while located at 3222–24 North Halsted Street, Chicago, Illinois. Total maximum liability in the sum of $50,000.-00 was apportioned among the Insurers as follows:

| Company | Percentage of Limit of Liability |
| --- | --- |
| The Commonwealth Insurance Company | 15% |
| The Continental Insurance Company | 15% |
| Milwaukee Insurance Company | 35% |
| United States Fire Insurance Company | 35% |

These policies contain the following provisions:

"Value Reporting Clause—It is a condition of this policy that the Insured shall report in writing to this Company not later than thirty (30) days after the last day of each calendar month, the exact location of all property covered hereunder, the total actual cash value of such property at each location and all specific insurance in force at each of such locations on the last day of each calendar month. *At the time of any loss, if the Insured has failed to file with this Company reports of values as above required,* this policy, subject otherwise to all its terms and conditions, *shall cover only at the locations and for not more than the amounts included in the last report of values* less the amount of specific insurance reported, if any, *filed prior to the loss,* and further, if such delinquent report is the first report of values herein required to be filed, this policy shall cover only at the respective locations specifically named herein and for not exceeding 75% of the applicable limit of liability of this Company specified in the Limit of Liability Clause." (Emphasis supplied.)

"Premium Adjustment Clause—The premium named in this policy is provisional only. The actual premium consideration for the liability assumed hereunder shall be determined, at the expiration of this policy, by application of the following formula:

"'A' After deducting the amount of specific insurance, if any (not exceeding, however, the amount of value reported), at each location, an average of the total remaining values reported at each location shall be made, and if the premium on such average values at the rate applying at each location herein provided or in the case of locations acquired (see Limit of Liability Clause), the rate used shall be the rate that is applicable to each such location at the time the location was first reported, exceeds the provisional premium, the Insured shall pay to the Insurer the additional premium for such excess; and, if such premium is less than the provisional premium, the Insurer shall refund to the Insured any excess paid."

The Insured has been insured from 1940 through March 31, 1956, under policies of insurance containing a "Value Reporting Clause." The individual Insurers have been carrying the risk, wholly or in part, beginning with the years stated: The Continental Insurance Company, 1940; Milwaukee Insurance Company and United States Fire Insurance Company, 1949; and The Commonwealth Insurance Company, 1953.

On March 28, 1956, a fire occurred at 3222–24 North Halsted Street wherein certain property insured under these policies of an actual value of $32,188.29 was damaged and destroyed. The last report of value prior to the fire was for the month of December, 1955, and was filed on March 21, 1956. It reported a value on the contents located at the insured premises in the amount of $14,360.76. On April 27, 1956, the Insured filed reports of value with the Insurers for the months of January, February, and March, 1956, in the following amounts

respectively: $16,726.76, $24,200.44, and $32,188.29. The premium computation in accordance with the Premium Adjustment Clause of the policies in question for the calendar year 1955–1956, resulting in a credit to the Insured, was based on an average value determined by inclusion of the declared March valuation.

At meetings held between the Insurers and the Insured after the fire, the Insurers expressed their willingness to pay to the Insured the amount of $14,360.76, the amount of value last reported prior to the fire, conditioned on a complete release as to further claims by the Insured. On or about February 15, 1957, the Insured filed with the Insurers sworn statements in proof of loss in the amount of $32,188.29, to be prorated among the Insurers according to their respective liability, and made claim for that amount.

Following the fire, the Underwriters Salvage Company of Chicago took custody of the salvageable property pursuant to an Agreement and Direction signed by the Insured's President, B. A. Mendelson. Net return of the proceeds of the salvage is being held in escrow by the salvage company pending determination of ownership and interest therein pursuant to the terms of the agreement.

Elmer A. Swanson of Albert Swanson & Son acted as the insurance broker for the Insured from and prior to 1940. Swanson was the local General Agent for Milwaukee Insurance Company and United States Fire Insurance Company from 1949 through 1956 and signed all policies of fire insurance purchased by the Insured from said companies. Swanson signed all Value Reports submitted by the Insured to the Insurers. The reports were based on information received from the Insured on inquiry by Swanson who filed the reports with H. Dalmar & Company of Chicago, Illinois, agent of The Commonwealth Insurance Company and The Continental Insurance Company, and directly with the Milwaukee Insurance Company and United States Fire Insurance Company, respectively.

Records produced on the trial reveal that monthly Value Reports required to

be filed pursuant to the terms of prior policies, as well as under the policies in issue, frequently have been filed tardily.

After trial to the court, the district court found that the Insurers had waived the strict reporting requirements of the policies in issue and concluded that the Insured was entitled to recover the sum of $32,188.29 from the Insurers. The court further awarded the Insured interest on said sum from May 28, 1956, to the date of the Judgment Order together with costs, including reasonable attorney's fees in the amount of $500.00, because of the Insurers' unreasonable and vexatious delay in making payment of the Insured's fire loss. Judgment was entered accordingly.

The principal question on this appeal is whether under the law of Illinois the doctrine of waiver avails to excuse noncompliance with the Value Reporting Clause of a reporting form fire insurance policy.

Value reporting clauses, similar to that involved here, have been the subject of judicial construction in other jurisdictions. The device of monthly reporting serves the purpose of affording complete insurance coverage on a fluctuating stock of merchandise and of determining a premium directly proportionate to the risk declared by the insured. This is a condition of benefit to the insured. Peters v. Great American Ins. Co., 4 Cir., 1949, 177 F.2d 773; Camilla Feed Mills, Inc. v. St. Paul Fire & Marine Ins. Co., 5 Cir., 1949, 177 F.2d 746, 13 A.L.R.2d 705; Columbia Fire Ins. Co. v. Boykin & Tayloe, Inc., 4 Cir., 1950, 185 F.2d 771.

Under the clear and unambiguous terms of the Value Reporting Clause, the consequence of noncompliance with the monthly reporting condition through tardy filing is a limitation on the coverage afforded in the amount of the last value reported prior to the loss. Noncompliance does not result in avoidance or cancellation of the policy. The condition is one going to coverage and not one of forfeiture of rights in respect to a defined risk. Peters v. Great American Ins. Co.,

supra; Columbia Fire Ins. Co. v. Boykin & Tayloe, Inc., supra.

Under Illinois law the doctrine of waiver or estoppel cannot be invoked to increase coverage provided under an insurance policy. Spence v. Washington National Ins. Co., 1943, 320 Ill.App. 149, 50 N.E.2d 128. The numerous Illinois decisions cited by the Insured on the question of waiver of conditions of insurance policies are not controlling here because they are concerned with waiver or estoppel of conditions of benefit to the insurer and of forfeiture or avoidance of the policy.

Cases from other jurisdictions are not contrary to the conclusion that there can be no waiver of a condition of coverage under Illinois decisions. In the Columbia Fire Ins. Co. case, the court notes that waiver of a condition of coverage is proper under Virginia law. In Aetna Ins. Co. v. Rhodes, 10 Cir., 1948, 170 F.2d 111, arising in New Mexico, it was held that the insurer's failure to object to lack of filing of value reports resulted in waiver of *forfeiture* for which the insurer had contended. The court determined the loss with reference to a figure furnished as a provisional value by endorsement of the policy prior to the loss which was considered as the last report of value filed prior to the loss.

In American Eagle Fire Ins. Co. v. Burdine, 10 Cir., 1952, 200 F.2d 26, no reports of value were filed under the binder policy effective at the time of the loss. The court permitted an oral report as to value, submitted prior to the loss as information on the binder policy, to stand as the last report and held that the insurer had waived the monthly reporting condition.

While the Aetna Ins. Co. and American Eagle Fire Ins. Co. cases hold that there was a waiver of the reporting condition, in both these decisions the measure of recovery is the amount of value declared by the insured in what the court decides constitutes the last report filed prior to the loss.

The case of Schenley Distillers Corp. v. United States Fire Ins. Co., 2 Cir., 1937, 90 F.2d 633, involved a monthly reporting condition where the due date of the report was deliberately left blank. Although the insured was dilatory in filing the reports, the court concluded that the insurer had not proved that the delay was unreasonable and denied the partial defense that the insured was bound by its last filed report. The instant case must further be distinguished from cases allowing a waiver of the monthly reporting condition where the insured timely furnished the information to the insurer's agent and the delay in forwarding the report resulted solely from the conduct of said agent.

█ It is the conclusion of this court that there can be no waiver of the monthly reporting clause of the policies covering this loss and that the Insured, having filed its required reports tardily, is bound by the report of value last filed prior to the fire.

█ The Insurers protest the award of interest from a date sixty days after the loss, or May 28, 1956. The policies provide that the amount of loss for which the Insurers may be liable shall be payable sixty days after proof of loss is received. Under the circumstances of this case, the date on which the proof of loss was filed is not controlling with respect to the amount of liability admitted by the Insurers and contended for by them as the limit of their liability in this action. This amount was known to the Insurers at or about the time of the loss. The Insurers tendered this amount to the Insured on the condition of a complete release. Under these circumstances, an award of interest on the sum of $14,360.76 from May 28, 1956, is not unreasonable.

Our decision herein is in no way contrary to the recent decision of this court in Quality Molding Company v. American National Fire Insurance Company, et al., 287 F.2d 313. In that case, the plaintiff was the insured, and it was the plaintiff's conduct in rejecting a verdict in its favor that prevented the insurance companies from paying the amount ultimately found due.

We find that the Insurers' delay in payment of the amount of loss was not "vexatious and without reasonable cause" and that there is no justification for assessment of attorneys' fees as part of the taxable costs in this action.

The judgment appealed from is hereby reversed, and the case is remanded to the district court for proceedings consistent with this decision.